A92A0752. KENNEDY v. JOHNSON.
A92A0753. HIXSON v. KENNEDY.
(421 SE2d 746)

POPE, Judge.

The following facts are pertinent to this appeal: In 1989 the Mayor of East Point had installed on his office telephone a device which could be used to record telephone calls. The device could be activated from his secretary's (appellee/cross-appellant Mary Hixson's) desk and primarily was used to record incoming calls from the mayor so that he could dictate documents which Hixson would later transcribe; the machine was also used at times to record messages from other callers. The tapes were usually erased and reused after any messages or dictation were retrieved off the tape. At some point during her employment the relationship between Hixson and the mayor became strained. Each accused the other of hanging up during a telephone conversation. Hixson informed the city manager, defendant/appellee Joe Johnson, Jr., that she had a tape of a telephone conversation with the mayor that would corroborate her version of events and she gave Johnson the tape. Johnson listened to the tape and then turned it over to the city attorney and instructed Hixson to do the same with any other tapes she might have. Hixson found one other tape that had not been erased and turned that tape over to the city attorney. One of the tapes turned over to the city attorney contained a recorded conversation between the mayor and plaintiff/appellant Cecil Kennedy, during which Kennedy referred to Johnson as a "nigger." At that time Kennedy was a member of the City Council of East Point. The record shows the conversation was recorded when the mayor, who was out of his office, called and told Hixson that he wanted to talk to Kennedy. Kennedy came to the mayor's office and talked to the mayor on the mayor's phone in the mayor's office. The door was closed during part of the conversation, but the mayor instructed Kennedy during the conversation to open the door so he could see into the outer office to ensure that no one was listening to the conversation. Although the circumstances surrounding the recordation of the conversation are not without dispute, at some point dur-

ing the mayor's call Hixson activated the recording device and began recording the conversation.

Subsequently, a reporter with The Atlanta Journal and The Atlanta Constitution news organization requested that the city clerk make the tapes available to him pursuant to Georgia's Open Records Law. East Point's city attorneys filed a declaratory judgment and interpleader action, seeking a determination as to what extent the recordings constituted public records and the terms under which public disclosure of the tapes would be authorized. Cox Enterprises d/b/a The Atlanta Journal and The Atlanta Constitution answered and counterclaimed contending that both they and the public had the right to inspect and copy the recordings pursuant to the Open Records Act. A hearing was scheduled on the issues presented by the parties' pleadings; however, prior to the hearing the parties agreed to dismiss the declaratory judgment action and counterclaim and to make the recordings available for inspection and copying.

Following the release of the tapes, Kennedy brought suit against Johnson and Hixson alleging a cause of action for invasion of privacy based on Hixson's taping of the conversation and Johnson's release of the contents of the conversation to the public. Defendants answered, and Hixson filed a counterclaim alleging a cause of action for oral defamation and violation of her civil rights. The parties filed motions for summary judgment on their claims. In Case No. A92A0752 Kennedy appeals from the trial court's grant of summary judgment to appellee/defendant Joseph Johnson, Jr. and the denial of his motion for summary judgment as to his claims against defendants. In Case No. A92A0753, Hixson appeals from the trial court's denial of her motion for summary judgment. We affirm.

### Case No. A92A0752

1. Plaintiff argues that the portion of the tape containing the telephone conversation at issue here was not a public record as that term is defined in OCGA § 50-18-70 and thus Johnson acted without legal authority by consenting to release the contents of the tape without first attempting to expunge the offensive conversation. OCGA § 36-33-4 provides that "officers of a municipal corporation shall be personally liable *to one who sustains special damages* as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law." (Emphasis supplied.) Our review of the record in this case reveals that Kennedy has made no showing, either in his original pleadings or otherwise, that he has "sustain[ed] special damages as the result" of Johnson's participation in the decision to release the contents of the tape recording at issue here. "When items of special damage are claimed, they shall be specifically stated."

OCGA § 9-11-9 (g). Having pled no special damages, Kennedy has failed to establish that he is entitled to proceed against Johnson under the authority provided in OCGA § 36-33-4.

Moreover, Kennedy has failed to present any evidence that Johnson acted "oppressively, maliciously, corruptly, or without authority of law." Pretermitting the issue of whether the contents of the recorded conversations were subject to disclosure under Georgia's Open Records Act, no evidence was presented either that Johnson's participation in the decision to release the contents of the tapes was outside the scope of his authority as city manager or that he acted maliciously. In sum, no evidence has been presented that Kennedy is entitled to recover under the applicable statutory authority providing for personal liability of city officers under specified conditions. Although Kennedy also asserts that he is entitled to recover against Johnson under section 1983 because Johnson's actions denied him his constitutional right to free speech, this argument was not raised in the trial court and thus cannot be urged for the first time on appeal. " '(I)t is axiomatic that a ground urged for the first time on appeal will not be considered.' . . . [Cits.]" *Woods v. Advanta Leasing Corp.*, 201 Ga. App. 844, 845 (2) (412 SE2d 607) (1991). The trial court did not err by granting summary judgment to Johnson on Kennedy's claims against him.

2. (a) Kennedy also enumerates as error the denial of his motion for summary judgment as to both defendants. It follows from our holding in Division 1, supra, that we find no error in the trial court's denial of Kennedy's motion for summary judgment as it pertains to defendant Johnson.

(b) We also find no error in the denial of Kennedy's motion for summary judgment as to his invasion of privacy claim against Hixson. As stated supra, and as the trial court found in its orders denying Kennedy's and Hixson's motions for summary judgment, the evidence concerning Hixson's authority to record conversations and the circumstances surrounding the taping of the particular conversation in question in this case are not without conflict. Evidence was presented that Hixson had been instructed by the mayor to tape his conversations for the purpose of later transcribing them, that she began taping the conversation in question because she thought that the mayor was going to dictate something to her, and that she inadvertently taped the conversation between the mayor and Kennedy because she forgot to shut off the recording device. Evidence was also presented that Hixson did not begin taping the conversation until after the mayor and Kennedy began talking, and that she did not have permission to record the conversation in question. As the trial court aptly noted, it is the duty of the trier of fact to resolve this conflicting evidence and to determine Hixson's liability to Kennedy on his invasion of privacy

claim. Consequently, the trial court properly denied Kennedy's motion for summary judgment as to his claims against Hixson.

3. Kennedy also contends the trial court erred in denying his motion for summary judgment on Hixson's counterclaim for oral defamation and violation of her civil rights. In her counterclaim Hixson alleged, inter alia, that Kennedy orally defamed her by imputing to her a crime punishable by law and by making charges against her in reference to her profession which were calculated to injure her in that profession. See OCGA § 51-5-4. Kennedy posits that any remarks he made about Hixson to council members or members of the media were privileged. See OCGA § 51-5-7. "Generally the question of whether a communication was privileged is a jury question. *Cohen v. Hartlage*, 179 Ga. App. 847, 849 (348 SE2d 331) [(1986)]. ' "(T)o make the defense of privilege complete . . . good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear." ' Id. ' "On summary judgment the issue is simply whether defendant [in counterclaim] established as a matter of law that he made privileged statements." ' *Thomas v. Hillson*, 184 Ga. App. 302, 303 (361 SE2d 278) [(1987)]; *Cohen*, supra at 849." *Southern Business &c. v. Norwest Financial Leasing*, 194 Ga. App. 253, 260 (390 SE2d 402) (1990). The only "showing" that Kennedy made as to the privileged nature of the allegedly defamatory remarks was his averment in his affidavit filed in support of his motion for summary judgment that he had "no recollection of making any derogatory statements about . . . Hixson, but any statements [he] may have made were made in good faith during the council sessions in which his resignation, his recall, and his impeachment were discussed; or in response to media questions in connection with these matters." However, this general denial and conclusory assertion that any statements he "may have made" about Hixson were in good faith are insufficient to meet Kennedy's burden on summary judgment of showing the statements were privileged as a matter of law. Moreover, "[e]ven assuming, arguendo, that the statement was so privileged, this privilege is conditional rather than absolute, *Fedderwitz v. Lamb*, 195 Ga. 691 (25 SE2d 414) (1943), and it remains for a jury to determine whether the intention was such as to make the defense complete. *Holmes v. Clisby*, 118 Ga. 820, 825 (3) (45 SE 684) (1903). . . . The trial court therefore did not err by denying [Kennedy's] motion for summary judgment as to [Hixson's counterclaim on the basis that the allegedly defamatory remarks were privileged]." *Watkins v. Laser/Print-Atlanta*, 183 Ga. App. 172, 174 (358 SE2d 477) (1987).

Kennedy also argues that since the recording and transmission of the conversation were unlawful, any comments he may have made concerning Hixson's recordation of the call were not actionable. How-

ever, as was discussed in Division 2 (b), whether or not the recording of the conversation was unlawful depends upon the resolution of certain factual issues by the trier of fact. In sum, we find Kennedy was not entitled to summary judgment on Hixson's counterclaim.

### Case No. A92A0753

4. In Case No. A92A0753 Hixson enumerates as error the denial of her motion for summary judgment on Kennedy's claim of invasion of privacy. However, as we held in Division 2 (b), supra, questions of fact remain concerning Hixson's authority to record the conversation at issue here. Consequently, we find no error in the trial court's denial of Hixson's motion for summary judgment.

*Judgments affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 28, 1992 — 

*Scott Walters, Jr.,* for Kennedy.
*Eve A. Appelbaum,* for Hixson and Johnson.