## A00A0725. DAVIS v. SHERWIN-WILLIAMS COMPANY et al.
### (531 SE2d 764)

JOHNSON, Chief Judge.

Briggs & Stratton Corporation hired Alan Davis to paint a motor assembly plant in the city of Statesboro. Sherwin-Williams Company supplied Davis with the painting products that he used on the Briggs & Stratton job. In August 1995, before the painting was finished, Briggs & Stratton fired Davis from the job. Davis sued Briggs & Stratton, and the parties eventually settled that lawsuit.

In October 1995, Briggs & Stratton asked Sherwin-Williams to inspect Davis' painting job for the purpose of advising a new painting contractor as to what was needed to finish the project. Wayne Anderson, a Sherwin-Williams store assistant manager who had handled the Briggs & Stratton project and was familiar with the painting specifications of that project, conducted the inspection. Afterwards, Anderson wrote a report of his opinions and findings, and he sent the report to Briggs & Stratton.

In the report, Anderson listed nine findings: that a concrete stain had been applied too thinly, that a concrete water sealer had not been applied, that an industrial enamel was not sufficiently thick, that a primer was not used, that certain pipes and bar joists were only partially painted, that dirt had been painted over, that "fallout from the drywall" had been painted over, that decals on air conditioning units had been painted over and that catwalks had been painted only from the bottom and not the top. He further gave his opinion that the workmanship on the job was very poor, and he made suggestions as to how the problem areas could be corrected.

Based on that written report, Davis sued Sherwin-Williams and Anderson for libel. Sherwin-Williams and Anderson moved for summary judgment, and the trial court granted the motion. Davis appeals, challenging the grant of summary judgment on his libel claim. The challenge is without merit.

A libel is a false and malicious defamation of another that is expressed in writing, that tends to injure the person's reputation and that exposes the person to public hatred, contempt or ridicule.[1] The expression of opinion on matters about which reasonable people might differ is not libelous.[2]

The essence of Anderson's report is an expression of opinion about the quality of the painting job. Reasonable people might differ about the quality of Davis' work on the job. But Anderson's mere expression of his opinions about deficiencies in the work is not libelous.

---

[1] OCGA § 51-5-1 (a).

[2] *Webster v. Wilkins*, 217 Ga. App. 194, 195 (1) (456 SE2d 699) (1995).

To the extent that some of Anderson's nine findings about the paint job can be characterized as assertions of fact rather than opinion, none of those assertions supports Davis' libel action. The truth of a statement is always a defense to a claim of libel.[3] In his deposition, Davis admitted that all but two of Anderson's nine findings were true or could not be disputed. Thus, all of the statements that Davis admitted were true cannot be libelous.

In his deposition, Davis expressly disputed only Anderson's findings that a concrete stain had been applied too thinly and that an industrial enamel was not sufficiently thick. Even if we assume for the sake of argument that Anderson's statements about the concrete stain and industrial enamel were wrong, we fail to see how such statements, not to mention any of the other statements in the report, exposed Davis to public hatred, contempt or ridicule. Absent such exposure, there is no libel.[4]

Moreover, statements are privileged if they are made with a good faith intent by the speaker to protect his interest in a matter in which he is concerned.[5] A defendant relying on privilege as a defense to a libel action must show good faith, an interest to be upheld, a statement properly limited in scope, a proper occasion and publication to proper persons.[6]

Sherwin-Williams and Anderson have shown all of these elements. There is no question that they had a business interest in Davis' painting job because they supplied the painting products used for the job; Sherwin-Williams and Anderson had an interest in seeing that their products were used properly and that any problems with the use of those products were corrected. Furthermore, Anderson only made his inspection and report in good faith at the request of Briggs & Stratton, he properly limited his report to the requested evaluation of the paint job and he properly limited the publication of the report to the interested parties at Briggs & Stratton and Sherwin-Williams.[7] Consequently, Anderson's good faith report concerning the status of the paint job was privileged and does not provide a basis for Davis' claim of libel.[8]

In order to overcome the privilege, Davis was required to prove

---

[3] OCGA § 51-5-6.

[4] See *Kitfield v. Henderson, Black & Greene*, 231 Ga. App. 130, 132 (2) (498 SE2d 537) (1998); *Willis v. United Family Life Ins.*, 226 Ga. App. 661, 664 (1) (a) (487 SE2d 376) (1997).

[5] OCGA § 51-5-7 (3).

[6] *Dominy v. Shumpert*, 235 Ga. App. 500, 504 (2) (510 SE2d 81) (1998).

[7] See generally *Choice Hotels Intl. v. Ocmulgee Fields*, 222 Ga. App. 185, 188-189 (2) (474 SE2d 56) (1996).

[8] See generally *Willis*, supra at 664-665 (1); *Speedway Grading Corp. v. Gardner*, 206 Ga. App. 439, 442-443 (2) (425 SE2d 676) (1992).

that the report was made with actual malice.[9] There is, however, no evidence in the record that Sherwin-Williams or Anderson acted with actual malice in making the report. On the contrary, the evidence shows only that they acted in good faith in issuing the status report at the request of Briggs & Stratton. The trial court accordingly did not err in granting summary judgment to Sherwin-Williams and Anderson.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2000.

*Calvin A. Rouse,* for appellant.

*Hawkins & Parnell, Jack N. Sibley, Robert S. Thompson,* for appellees.

---

[9] See *Kitfield,* supra; *Speedway Grading,* supra at 442 (2).