S02A0092. TALBOT COUNTY BOARD OF COMMISSIONERS
et al. v. WOODALL et al.
S02A0093. GEORGIA CUSHION AND WRAPPER COMPANY
v. WOODALL et al.
(565 SE2d 465)

FLETCHER, Chief Justice.

Marshall C. Woodall, Dela H. Woodall, and James W. Woodall brought a declaratory judgment action to establish that Talbot County had abandoned two roads in 1984 and that title to the roads passed to them. The parties consented to the intervention of Georgia Cushion and Wrapper Company, a property owner who uses the roads to gain access to its land. The superior court granted the Woodalls' motion for summary judgment and the County and Georgia Cushion each appeal. Because genuine issues of material fact remain, we reverse the grant of summary judgment.

1. To obtain summary judgment, the moving party "must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1] On appeal, this Court applies a de novo standard of review and must draw all inferences in favor of the non-moving party.[2]

---

[1] OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Youngblood v. Gwinnett Rockdale Newton Community Service Board*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

2. OCGA § 32-7-2, formerly Ga. Code Ann. § 95A-619 (b), provides the legal mechanism for a county to abandon a road under its jurisdiction. In 1984, this provision stated,

> When it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it, the county, by certification in its minutes, accompanied by a plat or sketch, and after notice to property owners located thereon, may declare that section of the county road system abandoned. Thereafter that section of road shall no longer be a part of the county road system and the rights of the public in and to that section of road as a public road shall cease.

Thus, to abandon a road a county must give notice to property owners located on the road and record the abandonment in its minutes.

3. As movant for summary judgment, the Woodalls had the burden of establishing that notice was given to property owners. At a hearing on the Woodalls' motion for preliminary injunction, they presented some evidence that the County sent letters to certain property owners, but did not establish that these property owners constituted all the property owners along the roads to be abandoned. Additionally, the County and Georgia Cushion presented evidence that some property owners did not receive notice.

Prior to the 1984 public hearing on the road abandonment, the County published notice in the county's legal organ. The Woodalls contend that the notice by publication satisfied the statutory requirement of notice to adjoining landowners. We conclude, however, that notice by publication is insufficient to meet the requirement of notice to adjoining property owners.

The statute in effect in 1984 did not specify how that notice was to be made. In determining what type of notice would satisfy the statutory requirement, we may look to later enactments to determine the legislative intent behind the earlier enactment.[3] The 1994 amendment to the statute demonstrates that notice by publication does not satisfy the requirement of notice to adjoining landowners. The 1994 amendment added a provision requiring the County to publish notice of the determination to abandon a road in the legal organ of the county, but also retained the language requiring "notice to property owners located thereon."[4] By adding a notice by publication requirement, the legislature must have intended to add a requirement dif-

---

[3] *Board of Trustees v. Christy*, 246 Ga. 553, 555 (272 SE2d 288) (1980).
[4] Ga. L. 1994, p. 294, § 1, codified at OCGA § 32-7-2 (b) (1).

ferent from the requirement of notice to adjoining property owners.[5] This change demonstrates that notice by publication does not satisfy the notice to adjoining property owners requirement. Therefore, the Woodalls' showing that notice was made by publication did not satisfy the statutory requirement.

4. In addition to the failure to establish that the notice requirement was met, the Woodalls admit they cannot show that the County recorded the purported abandonment of Road 23 in its minutes. Instead they argue that the omission of Road 23 from the minutes showing abandonment of other roads is a mere scrivener's error. Whether the omission of Road 23 reflects a scrivener's error, or demonstrates that the County did not abandon the road, is a question that remains for the trier of fact.

For these reasons, the trial court erred in granting summary judgment in both cases.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 24, 2002.

*William C. Moore, Freeman, Mathis & Gary, Dana K. Maine, John D. Thalhimer* for Talbot County Board of Commissioners et al.

*Meadows, Ichter & Trigg, Michael J. Bowers, J. Matthew Maguire, Jr.,* for Woodall et al.

*Page, Scrantom, Sprouse, Tucker & Ford, William L. Tucker, Robert C. Brand, Jr.,* for Georgia Cushion & Wrapper Company.

---

[5] *Houston v. Lowes of Savannah, Inc.*, 235 Ga. 201, 203 (219 SE2d 115) (1975) (it is not presumed that the legislature intended that any part of statute be without meaning).