S09G1127. MEADOW SPRINGS, LLC v. IH RIVERDALE,
LLC et al.
(690 SE2d 842)

Nahmias, Justice.

We granted certiorari in this case to consider whether the Court of Appeals erred in holding that a right of first refusal to invest in development of real estate through a limited liability company is an interest sufficient for the filing of a lis pendens. See *Meadow Springs, LLC v. IH Riverdale, LLC*, 296 Ga. App. 551 (675 SE2d 290) (2009). Under the circumstances of this case, we conclude that the Court of Appeals erred.

1. The agreements and transactions underlying the parties' dispute in this case are complex and are explained in relevant detail in the Court of Appeals' opinion in this case, as well as in its prior case involving these and other parties. *Meadow Springs*, 296 Ga. App. at 552-553; *IH Riverdale, LLC v. McChesney Capital Partners, LLC*, 280 Ga. App. 9, 9-11 (633 SE2d 382) (2006). For purposes of our decision, the relevant agreement is the amended operating agreement of Riverdale Capital Investments, LLC, a company formed with McChesney Capital Partners, LLC, and IH Riverdale, LLC, as its two members. Section 3.01 of the operating agreement provided that Riverdale Capital Investments was formed for the business of acquiring and developing two apartment complexes on separate tracts of land, both operating under the name of "Meadow Springs Apartments," with the parties referring to the apartments to be built first as "Phase I" and those to be built second as "Phase II." Section 3.01 also provided that the Phase II development was "referred to in Section 5.11 (e) hereof." Section 5.11 (e), in turn, provided that McChesney Capital Partners, which had an option to purchase the land for the Phase II development, would give IH Riverdale "the first right of refusal to invest" in the Phase II development. The agreement further provided that "[i]f IH elects to invest, IH shall have the right to invest from twenty-five percent up to fifty percent of the capital and receive its proportionate share of profits and losses," and that "[i]n the event that [Riverdale Capital Investments] elects to sell the Option or 'flip' the Second Phase land for profit," IH

Riverdale would be entitled to 40 percent of the profit. The Phase II development is now owned by Meadow Springs, LLC.

In 2003, appellees IH Riverdale and Geoffrey Nolan, a member of IH Riverdale, filed a complaint against appellant Meadow Springs and others, alleging that certain of IH Riverdale's rights regarding the Phase II development had been violated. More specifically, the complaint alleged that the defendants had deprived IH Riverdale of its right to invest in the Phase II development and sought specific performance of an alleged option to purchase 50% of the land involved in the Phase II development and the imposition of a constructive trust on the land and profits of that development. After filing that lawsuit, IH Riverdale filed a notice of lis pendens stating that the relief it was seeking involved the Phase II property. IH Riverdale delivered a copy of the lis pendens to Regions Bank, which then declined to fund an approved $9.7 million construction loan. As explained in the two Court of Appeals' opinions, this initial litigation between the parties is ongoing.

In January 2005, Meadow Springs filed this action against IH Riverdale and Nolan, alleging that they had committed slander of title and other torts against it by filing the lis pendens and delivering it to Regions Bank. The question before the trial court was whether IH Riverdale's 2003 action "involved" the real property within the meaning of the lis pendens statute, OCGA § 44-14-610,[1] making the filing of the lis pendens valid. See *Meadow Springs*, 296 Ga. App. at 554. The trial court found that "[t]he terms of IH/Nolan's participation in the Option were defined in [the parties'] Amended Operating Agreement, granting IH/Nolan . . . a right of first refusal to invest" in Phase II. The trial court concluded that, if IH Riverdale ultimately prevailed on its claim that it was denied its right to invest in Phase II, a trust could be imposed on the property. The court thus concluded that the 2003 lawsuit "involved" the property and made the filing of the lis pendens proper.

On appeal, the Court of Appeals found that "IH and Nolan never had an option to purchase the Phase II property," only a right to invest in the development of that property. *Meadow Springs*, 296 Ga. App. at 555. Yet the Court of Appeals affirmed the trial court,

---

[1] That Code section provides as follows (with emphasis supplied):

No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such *real property involved* therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the *real property involved*, and a statement of the relief sought regarding the property.

explaining that, because of IH Riverdale's right of first refusal to invest in the development, the court could not "say that as a matter of law IH and Nolan would not be entitled to any equitable relief with respect to the property." Id. The Court of Appeals concluded that the property thus was "involved" in the lawsuit and that the lis pendens was valid. Id. We granted certiorari to consider whether the Court of Appeals erred in that ruling.

Real property is "involved" in litigation within the meaning of the lis pendens statute " 'only [if it is] actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property.' " *Hill v. L/A Management Corp.*, 234 Ga. 341, 342-343 (216 SE2d 97) (1975) (quoting *Kenner v. Fields*, 217 Ga. 745, 747 (125 SE2d 44) (1962), overruled on other grounds in *Scroggins v. Edmondson*, 250 Ga. 430, 431, n. 1 (297 SE2d 469) (1982)). If the plaintiff asserts a direct interest in the real estate, that interest will often support legal relief against the property, such as the cancellation of a deed or specific performance, and lead to a finding that a lis pendens is valid. See *Moore v. Bank of Fitzgerald*, 266 Ga. 190, 190-191 (465 SE2d 445) (1996) (lis pendens valid when owner of land sought cancellation of deed based on wrongful foreclosure); *Walker v. Houston*, 176 Ga. 878, 880 (169 SE 107) (1933) (suit for specific performance of contract for sale of land supports the filing of a notice of lis pendens). It is not essential, however, that a plaintiff assert a direct interest in the real property for a lis pendens to be valid, so long as the real property would be directly affected by the relief sought. Thus, in *Griggs v. Gwinco Dev. Corp.*, 240 Ga. 487 (241 SE2d 244) (1978), the plaintiffs filed a notice of lis pendens at the time they filed a lawsuit alleging that an obstruction on the real property at issue was causing flooding and other damage to their adjoining property. Id. We concluded that the real property was involved, "since equitable relief was sought which would result in the removal of obstructions on the land and forbid any further grading or construction on the land until the ordinance was complied with." Id.

This case is squarely controlled against IH Riverdale based on the rationale of *Hill*, a case that the Court of Appeals did not discuss. In *Hill*, the plaintiff contended that he had been denied his right to invest in a real estate development through a partnership, and he filed a notice of lis pendens against the real estate owned by the partnership. See 234 Ga. at 341. The plaintiff's partnership interest, even in the development of the real estate at issue, was personalty, not realty, entitling the plaintiff only to his pro rata share of partnership profits. Id. at 343. We explained that, if the plaintiff ultimately prevailed in the litigation, he would obtain damages and an interest in the partnership, but not a direct interest in the realty,

which also would not be directly affected by that relief. Id. We therefore concluded that this type of interest in personalty did not entitle the plaintiff to relief against the real property. "Plaintiff's suit, insofar as it involved any interest in the [development owned by the partnership], does not involve real property within the meaning of the [lis pendens statute]." Id. Accordingly, the lis pendens was invalid. Id.

In this case, IH Riverdale's initial complaint sought specific performance of an alleged option to purchase and the imposition of a constructive trust on the land and profits of the Phase II development. However, as correctly determined by the trial court and the Court of Appeals, the "option" set forth in the complaint actually constituted IH Riverdale's right to *invest* in the development of real estate as defined in the parties' LLC operating agreement, not any right to ownership of any realty. See *Meadow Springs*, 296 Ga. App. at 555. According to the agreement, IH Riverdale had "the right to invest from twenty-five percent up to fifty percent of the capital [for Phase II] and receive its proportionate share of profits and losses" and the right to 40 percent of the profit if Riverdale Capital Investments "flipped" or sold the land on which Phase II was to be developed. These are interests in personalty, not real estate. See *Hill*, 234 Ga. at 343; OCGA § 14-11-501 (an interest in a limited liability company is personalty). If IH Riverdale ultimately prevails on its claims against Meadow Springs, it may be entitled to damages from the defendants based on its pro rata share of profits and losses from the Phase II development and perhaps to a constructive trust on the profits of Meadow Springs. But these remedies, based on interests in personalty, do not constitute relief against the land on which Phase II is located, and indeed we can discern no reason why IH Riverdale's personalty interests would entitle it to relief against the real estate itself. See *Hill*, 234 Ga. at 343.

Although IH Riverdale contends that cases such as *Scroggins* and *Jay Jenkins Co. v. Financial Planning Dynamics*, 256 Ga. 39 (343 SE2d 487) (1986), require a ruling in its favor, those decisions are distinguishable. For example, in *Scroggins*, the plaintiff, a trustee for a company in bankruptcy, alleged that the defendant, a company officer, had fraudulently transferred money from the company to pay off a secured deed on the defendant's residence. See 250 Ga. at 430. This Court concluded that "if the plaintiff ultimately prevails . . . , a trust or lien will be imposed on the [real] property specifically described in his complaint," id. at 433, and ruled that the lis pendens was valid.

Although the *Scroggins* Court did not explain why a constructive trust could be imposed on the real property, the conclusion was correct. Whenever one person fraudulently takes money from an-

other and invests that money in real estate, the person defrauded may follow that money to the real property and impress a trust on the property for his or her benefit. *Adams v. McGehee*, 211 Ga. 498, 500 (86 SE2d 525) (1955); *Total Supply, Inc. v. Pridgen*, 267 Ga. App. 125, 126 (598 SE2d 805) (2004). Thus, if the plaintiff in *Scroggins* prevailed, he would have been entitled to an equitable interest in the real property and to relief against the property. Here, by contrast, IH Riverdale did not assert that any of its funds were improperly used to acquire the real property at issue, but rather that it was denied its right of first refusal to invest in the development of that property and receive its resulting share of the profits and losses of that development through the limited liability company. Based on these interests, as previously explained, the remedies to which IH Riverdale would be entitled if it prevails would be against the LLC, not relief against the real estate itself.

Similarly, the facts of *Jay Jenkins Co.* demonstrate that the plaintiff's lawsuit "involved" the real property at issue. The plaintiff alleged that it had transferred title to real estate that it owned to the defendant to facilitate a joint venture agreement between the parties. See 256 Ga. at 39-40. Thus, unlike this case, which involves a right to invest by plaintiffs who never owned title to any property, *Jay Jenkins Co.* involved a plaintiff who held title to the real estate in question and who alleged that its interest in the real estate was fraudulently taken. In *Jay Jenkins Co.*, we specifically distinguished *Hill* on the ground that the interest asserted in *Hill* involved a personalty interest in a partnership. *Jay Jenkins Co.*, 256 Ga. at 42.

Accordingly, we conclude that the Court of Appeals erred in holding that IH Riverdale's right to invest in the Phase II real estate development through a limited liability company "involved" the real estate within the meaning of the lis pendens statute and therefore erred in ruling that IH's lis pendens was valid.[2]

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 15, 2010.

*Heyman & Sizemore, William B. Brown, Jacqueline Marcucci,* for appellant.

---

[2] Although IH Riverdale asserts that the exclusive remedy for the wrongful filing of a notice of lis pendens is an abusive litigation claim, this issue was not ruled on by the trial court or the Court of Appeals and was not the subject of the grant of certiorari in this case. Accordingly, we do not address the merits of it here.

*Adorno & Yoss, David L. Pardue*, for appellees.