A08A2030. MEADOW SPRINGS, LLC v. IH RIVERDALE,
LLC et al.

(704 SE2d 239)

PHIPPS, Presiding Judge.

In *Meadow Springs, LLC v. IH Riverdale, LLC*,[1] the Supreme
Court of Georgia reversed our judgment,[2] in which we had affirmed
an order of the trial court that granted IH Riverdale, LLC and
Geoffrey Nolan's motion for summary judgment and denied Meadow
Springs, LLC's motion for partial summary judgment in an action
brought by Meadow Springs asserting claims for slander of title,
tortious interference with contract, and tortious interference with
economic opportunities.

> [W]hen faced with the Supreme Court's reversal of one of
> its opinions, the Court of Appeals is required: (1) to read
> [the Supreme] Court's opinion within the context of the
> opinion being reversed; (2) to determine whether any por-
> tions of the opinion being reversed were neither addressed
> nor considered by the Supreme Court; and (3) enter an
> appropriate disposition with regard to those portions that is
> consistent with the issue addressed and considered by [the
> Supreme] Court.[3]

Having conducted this analysis, and for the following reasons, we
vacate our previous opinion in this case, reverse the trial court's
grant of summary judgment to IH and Nolan, vacate the trial court's
denial of summary judgment to Meadow Springs, and remand the
case for further proceedings.

Meadow Springs based its claims against IH and Nolan on their
acts of filing a lis pendens on real property owned by Meadow
Springs in connection with another lawsuit (the "prior action"), and
of delivering to a third party, Regions Bank, copies of the notice of lis
pendens and complaint in the prior action. The trial court granted
summary judgment to IH and Nolan on the grounds that the lis
pendens was valid and the filing and publication of the notice of lis
pendens and complaint were subject to an absolute privilege set forth
in OCGA § 51-5-8. For these reasons, the court also denied Meadow
Springs's motion for partial summary judgment.[4]

---

[1] 286 Ga. 701 (690 SE2d 842) (2010).

[2] *Meadow Springs, LLC v. IH Riverdale, LLC*, 296 Ga. App. 551 (675 SE2d 290) (2009).

[3] *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (554 SE2d 465) (2001).

[4] The court did not address counterclaims and third-party claims also pending before it.

In reversing our judgment affirming the trial court's order, the Supreme Court found that the prior action did not involve real property for purposes of creating a lis pendens[5] and that we thus had erred in holding that the lis pendens was valid.[6] But the Supreme Court's decision did not address whether, in light of its ruling, this Court had erred in affirming the grant of summary judgment to IH and Nolan or the denial of partial summary judgment to Meadow Springs.[7]

We review the grant or denial of summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[8] The evidence, which is set out more fully in the Supreme Court's opinion,[9] showed that IH and Nolan brought the prior action against Meadow Springs, among other defendants. Therein, IH and Nolan (as a member of IH) asserted a violation of their rights under an operating agreement for a limited liability company in which IH was a member. As described by the Supreme Court,

> the complaint alleged that the defendants had deprived IH . . . of its right to invest in [a real estate] development and sought specific performance of an alleged option to purchase 50% of the land involved in the . . . development and the imposition of a constructive trust on the land and profits of that development.[10]

The complaint included the allegation that the defendants had "exercised improper, wrongful and illegal dominion and/or control over property and property interests belonging to Nolan and IH, including . . . the real property subject to the . . . [o]ption."

Asserting that the prior action thus "involv[ed]" the real property, IH and Nolan filed a notice of lis pendens on the property. Through their attorney, IH and Nolan delivered a copy of the complaint in the prior action and the notice of lis pendens to Regions Bank, which had entered into a construction loan agreement with Meadow Springs. Upon learning of the lis pendens, Regions Bank declined to fund the construction loan. Shortly thereafter, Meadow Springs lost the property in foreclosure.

---

[5] See generally OCGA § 44-14-610 et seq. (providing for the filing of a notice of lis pendens against real property involved in a legal action).

[6] *Meadow Springs*, supra, 286 Ga. at 705 (1).

[7] See id.

[8] *Talbot County Bd. of Commrs. v. Woodall*, 275 Ga. 281 (1) (565 SE2d 465) (2002).

[9] *Meadow Springs*, supra, 286 Ga. 701.

[10] Id. at 702.

1. *IH and Nolan's Motion for Summary Judgment.* For the following reasons, we reverse that portion of the trial court's order granting summary judgment to IH and Nolan.

(a) The trial court held that IH and Nolan were entitled to summary judgment because the lis pendens was valid and thus the filing and publication of the notice of lis pendens were subject to an absolute privilege under OCGA § 51-5-8. In light of the Supreme Court's decision that the lis pendens was not valid, this ground no longer authorizes the grant of summary judgment.

OCGA § 51-5-8 provides:

> All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous.

This privilege extends to the proper filing of a notice of lis pendens.[11] But it does not extend to the improper filing of a notice of lis pendens.[12] And although this privilege covers all statements made within a pleading filed in a court of competent jurisdiction, even if false, it "has not been extended to publishing the contents of official court documents outside the judicial process."[13] Thus, IH and Nolan's act of sending copies of the notice of lis pendens and complaint to Regions Bank did not fall under this privilege, and the trial court erred in granting summary judgment to IH and Nolan on this ground.

(b) We find no merit in the other grounds asserted by IH and Nolan in support of summary judgment on the slander of title and tortious interference claims.[14]

(i) IH and Nolan argue that the defense of truth entitled them to summary judgment on the slander of title claim.[15] In light of the Supreme Court's ruling that the prior action, and the interests asserted therein, did not involve the real property,[16] IH and Nolan are not entitled to summary judgment on this ground.

---

[11] *Sanders v. Brown,* 257 Ga. App. 566, 568 (1) (a) (571 SE2d 532) (2002); *Panfel v. Boyd,* 187 Ga. App. 639, 647 (4) (371 SE2d 222) (1988).

[12] *South River Farms v. Bearden,* 210 Ga. App. 156, 158 (435 SE2d 516) (1993).

[13] *O'Neal v. Home Town Bank of Villa Rica,* 237 Ga. App. 325, 332 (8) (514 SE2d 669) (1999).

[14] See generally *City of Gainesville v. Dodd,* 275 Ga. 834, 838 (573 SE2d 369) (2002).

[15] See OCGA § 51-5-6 ("The truth of the charge made may always be proved in justification of an alleged libel or slander.").

[16] See *Meadow Springs*, supra, 286 Ga. at 705.

(ii) IH and Nolan argue that they were entitled to summary judgment on the ground that the filing and publication of the notice of lis pendens were privileged under OCGA § 51-5-7 (3), which concerns "[s]tatements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned." This privilege has been applied to claims for tortious interference as well as defamation.[17] In reviewing whether summary judgment was appropriate on this ground, we consider whether IH and Nolan have "established as a matter of law that [they] made privileged statements."[18] To do so, they must show good faith, an interest to be upheld, a statement properly limited in scope, a proper occasion and publication to proper persons.[19]

In support of their claim of privilege under this Code section, IH and Nolan point to their counsel's letter accompanying the transmission of the complaint and notice of lis pendens to Regions Bank. That letter provided:

> Please find enclosed copies of: (1) a Complaint filed yesterday by Geoff Nolan and IH Riverdale, LLC in Fulton County Superior Court; and (2) a Notice of Lis Pendens filed today in Clayton County Superior Court. The announced intention of [defendants in the prior action] not to pay Wilson & Nolan Southeast, Inc. a brokerage fee for the Regions Bank loan set to close shortly is an issue in the above-described litigation.

IH and Nolan argue that the contents of this letter demonstrated their entitlement to the privilege under OCGA § 51-5-7 (3), citing this Court's decision in *Choice Hotels Intl. v. Ocmulgee Fields, Inc.*[20] In that case, we held that statements in a letter — in which one hotel company informed another hotel company that a third company with which the second company had entered into a franchising agreement was still under contract with the first company — were subject to privilege.[21] Unlike the author of the letter in that case, however, IH and Nolan have not demonstrated that they held an interest which their publication of the complaint and notice of lis pendens purported to protect. The letter does not refer to a commis-

---

[17] See *Choice Hotels Intl. v. Ocmulgee Fields, Inc.*, 222 Ga. App. 185, 188 (2) (474 SE2d 56) (1996).

[18] *Kennedy v. Johnson*, 205 Ga. App. 220, 223 (3) (421 SE2d 746) (1992) (citations and punctuation omitted).

[19] *Davis v. Sherwin-Williams Co.*, 242 Ga. App. 907, 908 (531 SE2d 764) (2000).

[20] Supra.

[21] Id. at 188-189 (2).

sion owed to either IH or Nolan, but rather to one owed to another entity, Wilson & Nolan Southeast, Inc. The agreement giving rise to that entity's right to the commission described Wilson & Nolan as "affiliated" with IH, but it did not describe the interest, if any, that either IH or Nolan held in Wilson & Nolan's commission. And IH and Nolan do not point in their appellate brief to any other record evidence addressing *their* interest in a commission due Wilson & Nolan.

Consequently, IH and Nolan have not shown that they had an interest to uphold in the commission such that they were entitled as a matter of law to the privilege set forth in OCGA § 51-5-7 (3).[22] Summary judgment is not proper on this ground.

(iii) IH and Nolan argue entitlement to summary judgment on the ground that there is no evidence showing that the tortious acts alleged in the complaint damaged Meadow Springs. Meadow Springs, however, has pointed to evidence that Regions Bank refused to fund the pending construction loan after learning of the improperly-filed notice of lis pendens and the allegations therein. Summary judgment is not proper on this ground.

2. *Meadow Springs's Motion for Partial Summary Judgment.* In its motion for partial summary judgment, Meadow Springs asserted that the evidence showed as a matter of law that, by filing and publishing the notice of lis pendens and complaint, IH and Nolan had "uttered and published slanderous words" which were false and which concerned property in which Meadow Springs possessed an estate. The trial court held that its ruling granting summary judgment to IH and Nolan necessitated the denial of the motion for partial summary judgment filed by Meadow Springs. Thus, the court did not reach the question of whether, as a matter of law, the contents of the improperly-filed notice of lis pendens constituted the uttering and publishing of slanderous words against property in which Meadow Springs had an interest. And in addressing the denial of Meadow Springs's motion in their appellate briefs, the parties have focused on whether the notice of lis pendens was valid, not on why its invalidity would or would not entitle Meadow Springs to partial summary judgment. Moreover, interests of judicial efficiency are not implicated here, where the case will proceed below in some form regardless of the disposition of the motion for partial summary judgment.

Under these circumstances, we decline to engage in a "right for any reason" analysis.[23] We vacate that portion of the court's order

---

[22] See *Davis,* supra; *Kennedy,* supra.

[23] See *City of Gainesville,* supra.

denying the motion for partial summary judgment and remand the case to the trial court for proceedings consistent with this opinion and the Supreme Court's opinion in *Meadow Springs*.[24]

*Judgment reversed in part and vacated in part, and case remanded. Barnes, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 24, 2010.

*Heyman & Sizemore, William B. Brown, Jacqueline Marcucci*, for appellant.

*Swift, Currie, McGhee & Hiers, David L. Pardue, Hartman, Simons, Spielman & Wood, Christopher S. Badeaux*, for appellees.