A09A0979. McCHESNEY v. IH RIVERDALE, LLC et al.
(704 SE2d 244)

PHIPPS, Presiding Judge.

In *McChesney v. IH Riverdale, LLC*,[1] this Court affirmed the grant of partial summary judgment to IH Riverdale, LLC and Geoffrey Nolan in an action brought by Michael McChesney seeking a declaratory judgment on his interest in real property and damages for slander of title to that property.[2] This Court based its affirmance on the decision in a related case, *Meadow Springs, LLC v. IH Riverdale, LLC*.[3] The Supreme Court of Georgia subsequently reversed this Court's decision in *Meadow Springs*,[4] and it granted a writ of certiorari and remanded this case to us in light of that reversal.[5] For reasons that follow, we vacate the previous opinion in this case and reverse the trial court's grant of partial summary judgment on the slander of title claim.

McChesney based his claim of slander of title against IH and Nolan on their acts of filing a lis pendens on real property in connection with another lawsuit (the "prior action"), and of delivering to a third party, Regions Bank, copies of the notice of lis

---

[24] Supra, 286 Ga. 701.

[1] 300 Ga. App. XXV (2009) (unpublished opinion).

[2] The trial court's order addressed only McChesney's claim for slander of title. The court expressly noted that it had not ruled on the request for declaratory judgment. The order also did not address the counterclaim or various third-party claims raised by IH and Nolan. These claims remain pending before the trial court.

[3] 296 Ga. App. 551 (675 SE2d 290) (2009).

[4] *Meadow Springs, LLC v. IH Riverdale, LLC*, 286 Ga. 701 (690 SE2d 842) (2010).

[5] Case No. S10C0482 (March 15, 2010) (order).

pendens and complaint in the prior action. The trial court granted summary judgment to IH and Nolan on the slander of title claim on the grounds that the lis pendens was valid and the filing and publication of the notice of lis pendens and complaint were subject to an absolute privilege set forth in OCGA § 51-5-8. In *Meadow Springs*, however, the Supreme Court found that the prior action at issue here did not involve real property for purposes of creating a lis pendens[6] and that this Court thus had erred in holding that the lis pendens at issue here was valid.[7] Given the Supreme Court's ruling, we now consider whether IH and Nolan are nevertheless entitled to summary judgment on the slander of title claim.

We review the grant or denial of summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[8] The evidence, which is set out more fully in the Supreme Court's opinion,[9] showed that IH and Nolan brought the prior action against Meadow Springs, LLC, among other defendants. Therein, IH and Nolan (as a member of IH) asserted a violation of their rights under an operating agreement for a limited liability company in which IH was a member. As described by the Supreme Court,

> the complaint alleged that the defendants had deprived IH . . . of its right to invest in [a real estate] development and sought specific performance of an alleged option to purchase 50% of the land involved in the . . . development and the imposition of a constructive trust on the land and profits of that development.[10]

The complaint included the allegation that the defendants had "exercised improper, wrongful and illegal dominion and/or control over property and property interests belonging to Nolan and IH, including . . . the real property subject to the . . . [o]ption."

Asserting that the prior action thus "involv[ed]" the real property, IH and Nolan filed a notice of lis pendens on the property. Through their attorney, IH and Nolan delivered a copy of the complaint in the prior action and the notice of lis pendens to Regions Bank. Regions Bank had entered into a construction loan agreement with Meadow Springs, the proceeds of which would be used to repay

---

[6] See generally OCGA § 44-14-610 et seq. (providing for the filing of a notice of lis pendens against real property involved in a legal action).

[7] *Meadow Springs*, supra, 286 Ga. at 705 (1).

[8] *Talbot County Bd. of Commrs. v. Woodall*, 275 Ga. 281 (1) (565 SE2d 465) (2002).

[9] *Meadow Springs*, supra, 286 Ga. 701.

[10] Id. at 702.

a loan that Meadow Springs had obtained from McChesney and for which McChesney had received a deed to secure debt in the property. Upon learning of the lis pendens, Regions Bank declined to fund the construction loan, and Meadow Springs defaulted on its obligations to McChesney.

In this case, McChesney asserted a claim that the filing of the notice of lis pendens, and the publication of the complaint and notice to Regions Bank, constituted slander of title. To prevail on this claim, he was required to show "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered."[11] In support of their motion for summary judgment on this claim, IH and Nolan argued that the notice of lis pendens was valid and properly filed, that consequently its contents were true, and that the filing and publication of the notice and complaint were privileged under either OCGA § 51-5-7 or § 51-5-8.

1. The trial court held that IH and Nolan were entitled to summary judgment on the slander of title claim because the lis pendens was valid and thus the filing and publication of the notice of lis pendens and the complaint were subject to an absolute privilege under OCGA § 51-5-8. In light of the Supreme Court's decision that the lis pendens was not valid, this ground no longer authorizes the grant of summary judgment.

OCGA § 51-5-8 provides:

> All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous.

This privilege extends to the proper filing of a notice of lis pendens.[12] But it does not extend to the improper filing of a notice of lis pendens.[13] And although this privilege covers all statements made within a pleading filed in a court of competent jurisdiction, even if false, this privilege "has not been extended to publishing the contents of official court documents outside the judicial process."[14]

---

[11] *Latson v. Boaz*, 278 Ga. 113, 114 (598 SE2d 485) (2004) (citations and punctuation omitted).

[12] *Sanders v. Brown*, 257 Ga. App. 566, 568 (1) (a) (571 SE2d 532) (2002); *Panfel v. Boyd*, 187 Ga. App. 639, 647 (4) (371 SE2d 222) (1988).

[13] *South River Farms v. Bearden*, 210 Ga. App. 156, 158 (435 SE2d 516) (1993).

[14] *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 332 (8) (514 SE2d 669) (1999).

Thus, IH and Nolan's act of sending copies of the notice of lis pendens and complaint to Regions Bank did not fall under this privilege, and the trial court erred in granting summary judgment to IH and Nolan on this ground.

2. We find no merit in the other grounds asserted by IH and Nolan in support of summary judgment on the slander of title claim.[15]

(a) IH and Nolan argue that the defense of truth entitled them to summary judgment on the slander of title claim.[16] In light of the Supreme Court's ruling that the prior action, and the interests asserted therein, did not involve the real property,[17] IH and Nolan are not entitled to summary judgment on this ground.

(b) IH and Nolan argue that they were entitled to summary judgment on the ground that the filing and publication of the notice of lis pendens were privileged under OCGA § 51-5-7 (3), which concerns "[s]tatements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned." In reviewing whether summary judgment was appropriate on this ground, we consider whether IH and Nolan have "established as a matter of law that [they] made privileged statements."[18] To do so, they must show good faith, an interest to be upheld, a statement properly limited in scope, a proper occasion and publication to proper persons.[19]

In support of their claim of privilege under this Code section, IH and Nolan point to their counsel's letter accompanying the transmission of the complaint and notice of lis pendens to Regions Bank. That letter provided:

> Please find enclosed copies of: (1) a Complaint filed yesterday by Geoff Nolan and IH Riverdale, LLC in Fulton County Superior Court; and (2) a Notice of Lis Pendens filed today in Clayton County Superior Court. The announced intention of [defendants in the prior action] not to pay Wilson & Nolan Southeast, Inc. a brokerage fee for the Regions Bank loan set to close shortly is an issue in the above-described litigation.

---

[15] See generally *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002).

[16] See OCGA § 51-5-6 ("The truth of the charge made may always be proved in justification of an alleged libel or slander.").

[17] See *Meadow Springs*, supra, 286 Ga. at 705.

[18] *Kennedy v. Johnson*, 205 Ga. App. 220, 223 (3) (421 SE2d 746) (1992) (citations and punctuation omitted).

[19] *Davis v. Sherwin-Williams Co.*, 242 Ga. App. 907, 908 (531 SE2d 764) (2000).

IH and Nolan argue that the contents of this letter demonstrated their entitlement to the privilege under OCGA § 51-5-7 (3), citing this Court's decision in *Choice Hotels Intl. v. Ocmulgee Fields, Inc.*[20] In that case, we held that statements in a letter — in which one hotel company informed another hotel company that a third company with which the second company had entered into a franchising agreement was still under contract with the first company — were subject to privilege.[21] Unlike the author of the letter in that case, however, IH and Nolan have not demonstrated that they held an interest which their publication of the complaint and notice of lis pendens purported to protect. The letter does not refer to a commission owed to either IH or Nolan, but rather to one owed to another entity, Wilson & Nolan Southeast, Inc. The agreement giving rise to that entity's right to the commission described Wilson & Nolan as "affiliated" with IH, but it did not describe the interest, if any, that either IH or Nolan held in Wilson & Nolan's commission. And IH and Nolan do not point to any other record evidence addressing *their* interest in a commission due Wilson & Nolan.

Consequently, IH and Nolan have not shown that they had an interest to uphold in the commission such that they were entitled as a matter of law to the privilege set forth in OCGA § 51-5-7 (3).[22] Summary judgment is not proper on this ground.

(c) IH and Nolan contend on appeal that there is no evidence showing that the alleged slander of title caused McChesney's injury. They did not make this argument before the trial court. Moreover, the record contains evidence that Regions Bank refused to fund the pending construction loan to Meadow Springs after learning of the notice of lis pendens, leading to Meadow Springs's inability to meet its obligations to McChesney. Summary judgment is not proper on this ground.

*Judgment reversed. Smith, P. J., and Dillard, J., concur.*

DECIDED NOVEMBER 24, 2010.

Michael D. McChesney, *pro se.*

*Hartman, Simons, Spielman & Wood, Kristen A. Yadlosky,* for appellees.

---

[20] 222 Ga. App. 185 (474 SE2d 56) (1996).
[21] Id. at 188-189 (2).
[22] See *Davis,* supra; *Kennedy,* supra.