# FOURTH DIVISION
## DOYLE, P. J.,
## ANDREWS and BOGGS, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 7, 2012**

# In the Court of Appeals of Georgia

A12A1432, A12A1433. MEADOW SPRINGS RECOVERY, LLC
    et al. v. WOFFORD, et al., and vice versa.

BOGGS, Judge.

These appeals arise out of a failed real estate venture and the resulting protracted litigation between numerous parties, including the filing of a lis pendens. In this separate claim by an assignee against the law firm that filed the lis pendens, we conclude that the trial court correctly found preemption under the exclusivity provision of the abusive litigation statute, OCGA § 51-7-85, because the lawsuit seeks damages solely for the conduct of counsel in pursuing litigation on behalf of their clients. We therefore affirm the grant of summary judgment in favor of appellees and dismiss the cross-appeal as moot.

The facts of the underlying dispute have been discussed extensively in previous appeals.[1] The relevant facts with respect to the appeal before us are as follows. Nearly a decade ago, on August 6, 2003, the firm of Alston & Bird, through its partner M. Russell Wofford, Jr., filed a complaint on behalf of IH Riverdale and Geoffrey Nolan, claiming breach of their rights to exercise an option on real property in Clayton County owned by Meadow Springs, LLC. The following day, the firm filed a Notice of Lis Pendens in Clayton County, giving notice of the action and stating that it involved the described real property, as to which plaintiffs sought specific performance of an option agreement and imposition of a constructive trust. On the same day, the firm delivered a letter to Regions Bank, which had approved a development loan on the property, enclosing the complaint and a copy of the lis pendens.

> After IH and Nolan delivered a copy of the complaint and notice of lis
> pendens to Regions Bank, the bank elected not to close the development
> loan with [Meadow Springs LLC]. Although IH and Nolan later

---

[1]See *IH Riverdale, LLC v. McChesney Capital Partners, LLC*, 280 Ga. App. 9 (633 SE2d 382) (2006); *Meadow Springs, LLC v. IH Riverdale, LLC*, 296 Ga. App. 551 (675 SE2d 290) (2009), rev'd, 286 Ga. 701 (690 SE2d 842) (2010); *Meadow Springs, LLC v. IH Riverdale, LLC*, 307 Ga. App. 72 (704 SE2d 239) (2010); *McChesney v. IH Riverdale, LLC*, 307 Ga. App. 77 (704 SE2d 244), remanded, 2010 Ga. LEXIS 253 (2010).

cancelled their notice of lis pendens and withdrew their claims to any direct interest in the . . . property as part of an agreement with the [other] defendants to mediate their dispute, mediation efforts failed. And [Meadow Springs LLC] defaulted on the construction loan and lost its equity in the property due to foreclosure of the deed securing the construction loan.

*Meadow Springs, LLC v. IH Riverdale LLC*, 296 Ga. App. 551, 553 (675 SE2d 290) (2009), rev'd, 286 Ga. 701 (690 SE2d 842) (2010). On June 24, 2004, A&B withdrew from representation of Nolan and IH Riverdale.

In 2005, Meadow Springs, LLC filed suit against Nolan and IH Riverdale, seeking damages for slander of title and tortious interference with business and contractual relations arising out of Nolan and IH Riverdale's lis pendens. Id. at 552-553. Summary judgment was granted to Nolan and IH Riverdale on the basis that the filing of the lis pendens was proper, and this court affirmed. Id. at 555 (1). The Georgia Supreme Court reversed, however, holding that the right to invest in a real estate development through a limited liability company did not "involve" real estate within the meaning of the lis pendens statute because it did not assert a claim for relief against the real estate itself. *Meadow Springs,* supra, 286 Ga. at 704-705. As the trial court noted, several of the claims in that action remain pending, including

3

Meadow Springs, LLC's claims against Nolan and IH Riverdale for slander of title and tortious interference.[2]

In 2011, Meadow Springs Recovery, LLC, ("MSR") as the assignee of various parties to the underlying dispute, including Meadow Springs, LLC, brought this action against A&B and two of its partners [collectively, "A&B"] for the filing and delivery of the lis pendens during their representation of Nolan and IH Riverdale. The complaint asserts claims for slander of title, tortious interference with business and contractual relationships, and bad faith penalties and attorney fees. A&B answered and counterclaimed, seeking a declaratory judgment with regard to the validity of the assignment of the claims to Meadow Springs. A&B moved to transfer the case to superior court on the basis of that court's exclusive jurisdiction over a claim for declaratory judgment. MSR opposed the motion and moved to dismiss the counterclaims. The case was transferred to the Business Case Division of the Superior Court of Fulton County, and A&B filed motions for summary judgment based on

---

[2]The Georgia Supreme Court expressly declined to address the merits of the OCGA §51-7-85 preemption defense asserted by Nolan and IH Riverdale. 286 Ga. at 705 n.2. Here, we address that defense only as asserted by *counsel* with respect to actions taken during the course of litigation.

4

preemption by OCGA § 51-7-85 and the applicable statute of limitation. MSR moved for partial summary judgment on the issue of slander of title.

In a comprehensive and well-crafted order,[3] the trial court ruled on all the pending motions before it, while recognizing that not all of its rulings were necessary to dispose of the litigation. It granted MSR's motion to dismiss the counterclaim for failure to state a claim for declaratory relief, granted A&B's motion for summary judgment based on the preemptive effect of OCGA § 51-7-85, and denied both A&B's motion for summary judgment based on the statute of limitation and MSR's motion for partial summary judgment. This appeal followed.

*Case No. A12A1432*

1. In its appeal, MSR first contends that the trial court erred in granting summary judgment to A&B on the issue of preemption. Georgia's abusive litigation statute, OCGA §§ 51-7-80 et seq., provides:

> On and after April 3, 1989, no claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation, provided that

---

[3]We note that the trial court was well aware of the underlying issues here, as related litigation was assigned to the same trial judge and remains pending in part.

claims filed prior to such date shall not be affected. *This article is the exclusive remedy for abusive litigation.*

(Emphasis supplied.) OCGA § 51-7-8. We therefore consider whether MSR's claims against A&B fall within the scope of the abusive litigation statute: "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification." OCGA § 51-7-81.

This court has held that we look to the substance and not the style of a particular claim to determine whether it amounts to a claim for abusive litigation. In *Slone v. Myers*, 288 Ga. App. 8, 11 (653 SE2d 323) (2007), overruled on other grounds, *Reeves v. Upson Regional Medical Ctr.*, 315 Ga. App. 582 (726 SE2d 544) (2012), the appellants filed an action alleging civil RICO, conspiracy, perjury, forgery and theft in connection with an action brought against them by appellees. "The wrongful acts which they allege, however, all occurred during litigation of the [underlying] action." Id. at 10 (2). On that basis, this court affirmed the trial court's dismissal of the action for failure to provide the required notice under OCGA § 51-7-84 (a), observing: "This is the essence of an abusive litigation claim. Because the abusive litigation statute provides the exclusive remedy for claims of abusive

6

litigation, we agree with the superior court that [appellants] may not avoid the requirements of the statute merely by characterizing their claims arising from the allegedly abusive lawsuit as" some other cause of action. (Citations, punctuation, and footnotes omitted.) Id. at 11 (2).

Similarly, MSR may not avoid the application of the abusive litigation statutes by characterizing claims founded in "the initiation, continuation, or procurement of civil proceedings" as tortious interference or slander of title.[4] Indeed, we have previously held that, "as a matter of law, a claim for tortious interference with contractual relations cannot be predicated upon an allegedly improper filing of a lawsuit." (Citations and punctuation omitted.) *Phillips v. MacDougald*, 219 Ga. App. 152, 155 (2) (g) (464 SE2d 390) (1995). In *Phillips,* we noted that the abusive litigation statutes strike a balance between the competing public interests of preserving free access to the court and preventing "serious abuses of lawsuit filing."

---

[4]In its brief in opposition to A&B's motion to transfer this action to the Business Division of Fulton Superior Court, MSR characterized its claims against A&B as "a case against attorneys alleging misconduct in the course of legal representation" and "based on actions taken by counsel during those underlying suits," stating that "the *merits* of this lawsuit will, unlike the cases that gave rise to it, relate only to the propriety of certain actions taken by Defendants in litigating the prior cases."

7

Id. at 156 (2) (g). This balance is intended to prevent the "proliferation of unnecessary causes of action for the alleged improper filing of lawsuits [which] would have a chilling effect on the exercise by citizens of their right of access to the courts." Id. See also *Nairon v. Land*, 242 Ga. App. 259, 261 (2) (529 SE2d 390) (2000) (plaintiff precluded from filing claims of infliction of emotional distress as remedy for abusive litigation.)

Both here and below, MSR relies upon *O'Neal v. Home Town Bank*, 237 Ga. App. 325 (514 SE2d 669) (1999), to argue that A&B's delivery of the complaint and lis pendens to an interested third party is not within the scope of the abusive litigation statute. In *O'Neal*, a former bank employee filed an action asserting various claims against the bank. Id. at 325. Some weeks after suit was filed and the bank had answered, the bank president sent a letter to the 900 shareholders of the bank, quoting portions of the bank's answer to the complaint. Id. at 331 (8). O'Neal contended that those quotations were defamatory, and he amended his complaint to assert claims for libel and slander. Id. The bank sought summary judgment as to, inter alia, O'Neal's

defamation claims, seeking to rely upon the absolute privilege established in OCGA § 51-5-8 for statements made in legal pleadings. Id.[5]

In that context, we observed:

> [A]s a control on the misuse of absolute privilege, the law allows suits for "malicious use of civil process, malicious abuse of legal process, or malicious prosecution," now all subsumed in OCGA § 51-7-81. This section applies only to "any person who takes an active part in the initiation, continuation, or procurement of civil proceedings," not to a person who publishes a libelous letter.

(Citations and footnotes omitted.) Id. at 333. In the case before us, A&B, as attorneys representing their clients, were "tak[ing] an active part in the initiation [and] continuation . . . of civil proceedings" both in filing the lis pendens and in delivering a copy to a third party with an interest in the subject property. The trial court correctly distinguished this limited communication by attorneys, as part of their representation of their clients, from the action of an individual who, while "not a direct participant

---

[5]MSR argues at some length the law of absolute and conditional privilege, as well as the statutory defense of withdrawal. But the issues of privilege or withdrawal are not before us, and cases addressing those issues do not control the scope of a cause of action for abusive litigation.

in the lawsuit at issue, sent a letter to 900 shareholders, which was unrelated to the advancement of litigation."

For these reasons, the trial court did not err in holding that MSR's claims against A&B fall within the purview of the abusive litigation statute, should have been brought under that statute, and thus are preempted by the exclusivity provisions of OCGA § 51-7-85. We therefore affirm the grant of summary judgment in favor of A&B.

2. Because of our holding in Division 1, we need not reach MSR's remaining enumeration of error.

*Case No. A12A1433*

3. Because Case No. A12A1432 is resolved in favor of A&B on the main claim, Case No. A12A1433 is dismissed as moot.

*Judgment affirmed in Case No. A12A1432. Appeal dismissed as moot in Case No. A12A1433. Doyle, P. J. and Andrews, J., concur.*