A07A1089, A07A2274. SLONE et al. v. MYERS et al. (two cases).
A07A1406. SLONE et al. v. WEST.
(653 SE2d 323)

RUFFIN, Judge.

In three related appeals, Debra Slone and Sonja Ebron, acting pro se, appeal the dismissal of their complaint against various parties who were involved in a dispossessory action against them, the award of attorney fees under OCGA § 9-15-14, and the denial of their subsequent application for injunctive relief. For reasons that follow, we affirm in part and vacate in part.

On August 16, 2005, A & E Real Estate Sales and Management, Inc. ("A & E") brought a dispossessory action against Slone and Ebron (the "dispossessory action"). William West served as counsel for A & E. Slone and Ebron filed an answer and counterclaim, arguing that they had paid their rent and that the property owner and A & E "maliciously used and abused [the] legal process." The magistrate court entered judgment for A & E and granted it a writ of possession; it found against Slone and Ebron on their counterclaim, stating that "no evidence" had been presented.

Slone and Ebron appealed to the Superior Court of Clayton County in September 2005 (the "second action"). By December 2005, they had vacated the property, surrendering their claims to occupancy but maintaining all their other claims. In July 2006, Slone and Ebron sought to add CSS Services, Inc. ("CSS"), West, and "John Does 1-10" as defendants in the action.[1] On September 12, 2006, the superior court dismissed the case for failure to join the owner of the property as an indispensable party after being given the opportunity to do so, and did not allow them to add any other defendants. On November 28, 2006, the superior court awarded West $4,200 in attorney fees under OCGA § 9-15-14, finding "a complete absence of any justiciable issue of law or fact" as to the claim Slone and Ebron

---

[1] In January 2006, Slone and Ebron had served a "Motion to Amend Counterclaims" on West, characterizing him as a "counter-defendant."

sought to bring against West and determining that the claim "was substantially groundless and was interposed for harassment and delay."

Slone and Ebron then filed another complaint on October 6, 2006, in the Superior Court of Clayton County against A & E, Bonnie Myers, Patricia Heatherington, CSS, and West, alleging that Slone and Ebron "are the victims of a conspiracy to bolster the fortunes of a property management company that unjustly enriches itself by illegally dispossessing tenants" (the "third action"). They asserted claims for violation of the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act, forgery and theft by deception, all arising from the dispossessory action against them. The superior court dismissed the action as to all the defendants,[2] concluding that Slone and Ebron's claims were, in effect, for abusive litigation, and that they had not complied with the notice requirement of OCGA § 51-7-84 (a), which is a condition precedent to maintaining an action for abusive litigation.

Slone and Ebron filed a motion for reconsideration of the dismissal of West, which the superior court denied on January 5, 2007. West, Myers, Heatherington, A & E, and CSS moved for the award of attorney fees against Slone and Ebron, and the trial court granted their motions. Slone and Ebron then sought a temporary restraining order and interlocutory injunction against A & E, asking that the trial court "restrain [A & E] from knowingly and willfully making or soliciting false statements on Clayton County dispossessory affidavits." The trial court denied the motion, finding that Slone and Ebron, who were living in St. Petersburg, Florida, lacked standing because they "have not alleged that either of them is subject to a current or future dispossessory action in Clayton County, Georgia." The following appeals ensued.

### Case No. A07A1089

In this appeal, Slone and Ebron allege that the trial court erred in dismissing their complaint in the third action for failure to comply with the notice requirement of the abusive litigation statute because, they contend, their claims were not for abusive litigation.

1. We first address the appellees' joint motion to dismiss the appeal for lack of jurisdiction. West, Myers, Heatherington, A & E, and CSS assert that we lack jurisdiction over this appeal "because Slone and Ebron's action is a renewal of claims made in a *de novo* appeal to the Superior Court from the Magistrate Court" and such

---

[2] West's motion to dismiss was granted on November 27, 2006 and the remaining defendants were dismissed on December 5, 2006.

appeals must be brought by application for discretionary appeal, which was not done here.[3] Slone and Ebron, however, did not file the action at issue as a renewal.[4] Moreover, their initial counterclaim in the dispossessory action did not allege a RICO violation, and the superior court denied their motion to add counterclaims before dismissing the appeal in the dispossessory action.[5] Indeed, the superior court found that "[t]he RICO counterclaim and purported third party claim against unnamed parties [that Slone and Ebron seek to add] are outside the scope of the *de novo* appeal." Under these circumstances, we conclude that the present action is not one which required an application for discretionary appeal, and the appellees' motion to dismiss the appeal is denied.

Slone and Ebron ask that we impose penalties under Court of Appeals Rule 15 (b) against the appellees for filing the motion to dismiss because it was "patently frivolous." Based on the rather convoluted procedural history of this matter, we do not find that the appellees' arguments, although unsuccessful, were made unreasonably or in bad faith, and accordingly we deny Slone and Ebron's motion for penalties.[6]

2. Slone and Ebron argue that their claims in the third action are for torts other than abusive litigation, specifically a pattern of racketeering activity with predicate acts of perjury, forgery, and theft. The wrongful acts which they allege, however, all occurred during litigation of the dispossessory action. For example, they assert that: Myers, Heatherington, and West "caused A & E to continue to pursue the [dispossessory] action, knowing the evidence of unpaid rents to be forged"; the swearing out of a dispossessory warrant constituted perjury by CSS; West's appearances in court on behalf of A & E constituted perjury; and Myers committed theft by deception by making false statements during her deposition.

Georgia law defines abusive litigation as "tak[ing] an active part in the initiation, continuation, or procurement of civil proceedings against another . . . [w]ith malice . . . and . . . [w]ithout substantial justification."[7] As we have held,

---

[3] See OCGA § 5-6-35 (a) (1).

[4] See OCGA § 9-2-61; *Douglas v. Kelley*, 116 Ga. App. 670 (1) (158 SE2d 441) (1967) (renewal allowed where dismissal of original action was by the court on a basis other than the merits).

[5] Compare *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003) (application for discretionary appeal required where appeal from magistrate court was expanded in superior court to include additional matters not raised below).

[6] See *Griffiths v. Rowe Properties*, 271 Ga. App. 344, 345 (2) (609 SE2d 690) (2005).

[7] OCGA § 51-7-81.

[m]alice means acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based. Without substantial justification, when used with reference to any civil proceeding, claim, defense, motion, appeal, or other position, means that such civil proceeding, claim, defense, motion, appeal, or other position is: (A) [f]rivolous; (B) [g]roundless in fact or in law; or (C) [v]exatious.[8]

In their brief, Slone and Ebron argue that "[b]ut for Appellees' perjury, forgery, and theft, Slone and Ebron could have adequately defended themselves in the magistrate court and would have avoided adverse judgment there." This is the essence of an abusive litigation claim.[9] Because "[t]he abusive litigation statute provides the exclusive remedy for claims of abusive litigation," we agree with the superior court that Slone and Ebron may not avoid the requirements of the statute merely by characterizing their claims arising from the allegedly abusive lawsuit as conspiracy, perjury, forgery, or theft.[10] OCGA § 51-7-84 (a) requires that the party alleging abusive litigation give written notice to those against whom the claim of abusive litigation is made before bringing suit.[11] Because it is undisputed that no such notice was given to West, Myers, Heatherington, A & E, or CSS, we affirm the superior court's dismissal of Slone and Ebron's complaint in the third action on this basis.[12]

*Case No. A07A1406*

3. In this appeal, Slone and Ebron object to the superior court's award of attorney fees to West in the second action, which was their

---

[8] (Citations and punctuation omitted.) *Kendrick v. Funderburk*, 230 Ga. App. 860, 863-864 (3) (498 SE2d 147) (1998).

[9] See id.; *Ibrahim v. Talley & Assoc.*, 214 Ga. App. 609, 611 (2) (448 SE2d 707) (1994) (abusive litigation claim based on assertion that party relied on forged document in bringing action).

[10] *Nairon v. Land*, 242 Ga. App. 259, 261 (2) (529 SE2d 390) (2000) (plaintiff could not avoid requirements of abusive litigation statute by filing claims for negligent and intentional infliction of emotional distress resulting from the lawsuit).

[11] We find no basis either in the statute itself or in case law for Slone and Ebron's assertion that OCGA § 51-7-82 (b) "specifically exempts actions for writs of possession from this notice requirement." See, e.g., *LaSonde v. Chase Mtg. Co.*, 259 Ga. App. 772, 774 (2) (577 SE2d 822) (2003) (notice of abusive litigation claim required where underlying litigation was dispossessory action).

[12] See id.

appeal from the dispossessory action. They argue that attorney fees under OCGA § 9-15-14 cannot be awarded to a nonparty, the trial court's findings of fact do not support the award, and no hearing was held to determine the value of the legal services.

OCGA § 9-15-14 (a) provides for the award of attorney fees "to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed . . . a complete absence of any justiciable issue of law or fact. . . ." Slone and Ebron contend that this language prohibits the award of attorney fees to a nonparty. We need not reach that issue, however, because the superior court found that West was entitled to attorney fees under both OCGA § 9-15-14 (a) and (b), and OCGA § 9-15-14 (b) contains no such restriction.[13] OCGA § 9-15-14 (b) permits the award of attorney fees if the court "finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment. . . ."

However, we vacate the award of attorney fees because no hearing was held by the superior court.[14] In order for an award under OCGA § 9-15-14 (b) to be valid, "the trial court must conduct an evidentiary hearing to determine the amount of reasonable and necessary attorney[ ] fees," and the failure to do so is reversible error.[15] We therefore vacate the November 28, 2006 order in the second action and remand for a hearing on West's motion for attorney fees.[16]

4. Slone and Ebron's motion to change the style of the case on appeal is denied as moot.

### Case No. A07A2274

In their third appeal, Slone and Ebron allege that the trial court erred in awarding attorney fees in the third action to West, Myers, Heatherington, A & E and CSS and in denying their motion for injunctive relief.

---

[13] Compare *Allstate Ins. Co. v. Reynolds*, 210 Ga. App. 318 (436 SE2d 56) (1993) (OCGA § 9-15-14 does not authorize award of attorney fees *against* a nonparty).

[14] While West asserts that Slone and Ebron waived their right to a hearing by requesting that the matter be decided on the briefs, the only indication of this in the record is a letter from West's attorney. Slone and Ebron contend that they "requested appearance by telephone," but that their request was denied. Slone and Ebron objected to West's motion, and "a timely objection to the motion is sufficient to preclude a waiver." *MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004).

[15] *Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001).

[16] See id.; *Smith v. Hardeman*, 281 Ga. App. 402, 406 (2) (636 SE2d 106) (2006).

5. Slone and Ebron argue that the trial court erred in awarding attorney fees because the award was made to attorneys for the appellees rather than to appellees themselves, the trial court did not allow certain witnesses to testify at the hearing, and the trial court's findings did not support the award. Initially, we do not find a basis for reversal in the wording of the trial court's order. Although the trial court awarded "attorney fees in the amount of $8,376.88 to Laura Morris for Myers, Heatherington[,] and A & E . . . , $3,980.00 to Martin Jones, Esq. for William West, and $3,806.25 to William S. Dominy for CSS," this does not constitute an award to nonparties, as Slone and Ebron contend. In the very next paragraph, the trial court ordered "that Plaintiffs pay over to the Defendants the sums as stated above for attorney[s'] fees and litigation expenses." We conclude that, when read as a whole, the language of the order clearly indicates that Slone and Ebron are to pay attorney fees to Myers, Heatherington, West, A & E, and CSS, who were all parties to the action.[17]

Slone and Ebron object to the trial court's refusal to allow testimony by certain witnesses at the hearing on attorney fees, as they believe the testimony would have demonstrated that the underlying action was substantially justified. We review a trial court's decision on the admission of evidence for abuse of discretion.[18] Here, Slone and Ebron subpoenaed Myers, Heatherington, West, William P. Schwartz, and Anne Schwartz, who they identified as "parties or representatives of parties," to testify at the hearing on attorney fees. The appellees moved to quash the subpoenas, and the trial court granted the motion, stating that it did not intend to retry the underlying case.[19] Whether the testimony Slone and Ebron sought to introduce "contained evidence that was material and relevant to the motion for attorney fees[ was] within the sound discretion of the trial court."[20] Under these circumstances, the trial court did not abuse its discretion in quashing the subpoenas and relying on evidence in the record to determine whether the underlying action was substantially justified.[21]

---

[17] See *Byers v. Caldwell*, 273 Ga. 228, 229 (539 SE2d 141) (2000) ("[c]onstruction of a judgment requires consideration of the entirety of its provisions").

[18] See *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 465 (2) (512 SE2d 347) (1999).

[19] We note that Slone and Ebron had previously taken the depositions of both Myers and Heatherington, and relied upon those depositions in seeking summary judgment in the third action. And Slone and Ebron have not indicated what testimony they expected to elicit that would have differed from the deposition testimony already available to them.

[20] Id. at 466.

[21] See id. Compare *Northen v. Mary Anne Frolick & Assoc.*, 236 Ga. App. 7, 11 (1) (510 SE2d 857) (1999) (trial court erred in excluding expert testimony at hearing on sanctions against attorney " 'for conduct which is ancillary to the merits of the case' " and thus had not been the subject of pleadings or discovery).

14

Slone and Ebron also argue that the trial court's factual findings do not support an award under either OCGA § 9-15-14 (a) or (b). The trial court awarded attorney fees under both OCGA § 9-15-14 (a) and (b). Because OCGA § 9-15-14 (a) provides for the mandatory award of attorney fees, we review such an award under the any evidence standard.[22] An award under OCGA § 9-15-14 (b), however, is discretionary, and thus the standard of review is abuse of discretion.[23]

If any evidence supports the trial court's award of attorney fees under OCGA § 9-15-14 (a), we are compelled to affirm.[24] Here, the trial court found that Slone and Ebron's "RICO claim seeking money damages and equitable relief lacked substantial justification" because the allegations about the defendants' conduct were not predicate acts that would support a RICO violation and because Slone and Ebron put forth no evidence of damages. As there is evidence in the record to support these findings, the trial court's award of attorney fees under OCGA § 9-15-14 (a) is affirmed.[25] Accordingly, we need not reach the issue of whether the award was justified under OCGA § 9-15-14 (b).

6. Slone and Ebron assert that the trial court erred in denying their claim for injunctive relief against A & E. Slone and Ebron sought a temporary restraining order and interlocutory injunction against A & E to restrain it "from knowingly and willfully making or soliciting false statements on Clayton County dispossessory affidavits." The trial court denied the motion, finding that Slone and Ebron, who were not living in Clayton County and did not allege that they were subject to current or future dispossessory action there, did not have standing to pursue the relief they sought. We agree.

We review the trial court's ruling on injunctive relief for abuse of discretion.[26] The purpose of a temporary restraining order or interlocutory injunction is to preserve the status quo while a case is pending.[27] In order to have standing to seek such relief, a party must have a legally protected interest that will be affected by the action sought to be enjoined.[28] It is undisputed that Slone and Ebron have vacated the leased premises, no longer live in Clayton County, and do

[22] See *La Petite Academy v. Prescott*, 234 Ga. App. 32, 34 (2) (506 SE2d 183) (1998).

[23] See id.

[24] See *Trotter v. Summerour*, 273 Ga. App. 263, 264 (1) (614 SE2d 887) (2005).

[25] See *EarthResources v. Morgan County*, 281 Ga. 396, 401 (5) (638 SE2d 325) (2006).

[26] See *Bernocchi v. Forcucci*, 279 Ga. 460, 461 (1) (614 SE2d 775) (2005).

[27] See *Byelick v. Michel Herbelin USA, Inc.*, 275 Ga. 505, 506 (1) (570 SE2d 307) (2002); *Stewart v. Brown*, 253 Ga. 480, 481 (321 SE2d 738) (1984).

[28] See *Ga. Power Co. v. Allied Chem. Corp.*, 233 Ga. 558, 560-561 (1) (212 SE2d 628) (1975); see generally *AT&T Wireless PCS v. Leafmore Forest &c.*, 235 Ga. App. 319, 320 (1) (509 SE2d 374) (1998); *Clark's Valdosta, Inc. v. City of Valdosta*, 224 Ga. 331 (161 SE2d 867) (1968); *First Nat. Bank &c. v. Harmon*, 186 Ga. 847 (2) (199 SE 223) (1938).

not argue that they are or will be subject to a dispossessory affidavit filed by A & E. We therefore agree that they have no standing to seek and obtain injunctive relief from an action that does not harm them.[29] And we find no legal or factual support for their argument that their underlying cause of action, which had already been dismissed when they sought injunctive relief, somehow suffers a continuing injury "as a result of A & E's dispossessory practices." The trial court did not abuse its discretion in denying injunctive relief to Slone and Ebron.[30]

*Judgment affirmed in part and vacated in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 3, 2007 —
RECONSIDERATION DENIED OCTOBER 24, 2007 — 

Debra Slone, *pro se.*
Sonja Ebron, *pro se.*
*Weissman, Nowack, Curry & Wilco, Laura S. Morris, Ned Blumenthal, Martin C. Jones, William S. Dominy, Allen W. Bodiford,* for appellees.

---

[29] See *Perdue v. Lake,* 282 Ga. 348 (647 SE2d 6) (2007); see, e.g., *Sneakers of Cobb County v. Cobb County,* 265 Ga. 410, 411 (2) (455 SE2d 834) (1995).
[30] See *Lewis v. City of Atlanta,* 274 Ga. 296 (553 SE2d 611) (2001).