**THIRD DIVISION
DOYLE, P. J.,
REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 27, 2022**

# In the Court of Appeals of Georgia

A22A0330. VALADE v. MERIWETHER & THARP, LLC et al.

REESE, Judge.

This invasion of privacy lawsuit arose from the divorce and child custody litigation between Jennifer Valade and Kenneth Valade. Kenneth Valade, allegedly at the advice of his attorneys — Elizabeth Doak, Patrick Meriwether, and Meriwether & Tharp, LLC (collectively, the "Attorneys") — secretly recorded Jennifer Valade and Crystal Rimert in a bedroom and subsequently distributed those recordings. The trial court issued a partial summary judgment order, and Jennifer Valade, Rimert, and the Attorneys all appealed from that order. We have already addressed Rimert's and the Attorneys' appeals,[1] and now turn to Jennifer Valade's appeal from the same summary judgment order. Jennifer Valade argues that the trial court erred in: (1)

---

[1] See *Rimert v. Meriwether & Tharp*, 361 Ga. App. 589 (865 SE2d 199) (2021).

finding that her invasion of privacy claims were barred by the exclusive remedy provision in the abusive litigation statute, OCGA § 51-7-80 et seq.; and (2) granting summary judgment in favor of the Attorneys on her negligent supervision claim. For the reasons set forth infra, we affirm the trial court's findings on the negligent supervision claim, but reverse the trial court's conclusion that the abusive litigation statute completely barred Jennifer Valade's invasion of privacy claim.

We summarized the relevant facts, viewed in the light most favorable to the nonmoving parties below, in the prior appeal:

> Jennifer Valade filed for divorce against Kenneth Valade in July 2013. Kenneth Valade hired the Attorneys to represent him in the divorce. Doak graduated law school in 2010 and had been working at Meriwether & Tharp the prior three years since passing the Georgia Bar. According to Kenneth Valade, during an initial meeting with the Attorneys, Meriwether advised him to place a "nanny cam" in Jennifer Valade's bedroom, and that it was legal to do so and directly related to the issues in the divorce. Doak agreed with this advice. At the time, the court had a standing order in divorce actions that prohibited a party from "placing under surveillance . . . for the purpose of harassing and intimidating the other party."
>
> Kenneth Valade proceeded to install in Jennifer Valade's bedroom a covert surveillance camera that he had received from a private investigator. At the time, the Valades were not living together, with

2

Jennifer Valade occupying the marital home on the weekdays, and Kenneth Valade occupying the home on the weekends. The camera was motion-activated and video was recorded to an SD card. Among other recordings, the camera captured Jennifer Valade and Rimert in bed together having sexual relations.

Kenneth Valade showed the recordings to Doak and the private investigator. Meriwether sent a letter to Jennifer Valade's counsel on August 2, 2013, stating that Kenneth Valade had recently become aware that Jennifer Valade was having sex with Rimert in the marital home. The letter demanded that "[t]his behavior must stop ***immediately.***" (Emphasis in original.) Otherwise, Kenneth Valade would seek an emergency hearing, which would "force him to present all evidence of Ms. Valade's adulterous, lesbian relationship thereby making it public record." The Attorneys subsequently filed a motion with the trial court seeking an emergency hearing. The motion revealed that Kenneth Valade had placed a camera in the home, which had recorded Jennifer Valade and Rimert engaging in sexual relations.[2]

Jennifer Valade filed a complaint against Kenneth Valade, the Attorneys, and others alleging claims against the Attorneys of, among other things, violations of her common law right to privacy and negligent training and supervision by Meriwether

---

[2] *Rimert*, 361 Ga. App. at 590 (footnote omitted).

& Tharp over its employee Doak. The trial court issued a summary judgment order, and this appeal by Jennifer Valade followed.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[3]

With these guiding principles in mind, we now turn to Jennifer Valade's claims of error.

1. Jennifer Valade argues that the trial court erred in finding that her invasion of privacy claims were barred by the exclusive remedy provision in the abusive litigation statute.

Under Georgia's abusive litigation statutory scheme, "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification."[4] A "[c]ivil proceeding" is defined

---

[3] *Rimert*, 361 Ga. App. at 591 (punctuation and footnote omitted).

[4] OCGA § 51-7-81.

4

as "any action, suit, proceeding, counterclaim, cross-claim, third-party claim, or other claim at law or in equity."[5] A "[c]laim" is defined as "any allegation or contention of fact or law asserted in support of or in opposition to any civil proceeding, defense, motion, or appeal."[6]

This statutory scheme "is the exclusive remedy for abusive litigation."[7] "[N]o claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation[.]"[8]

As a condition precedent to asserting a claim for abusive litigation, a plaintiff must send written notice to the potential defendant giving the defendant "an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position."[9] Absent exceptions not relevant here,

---

[5] OCGA § 51-7-80 (1).

[6] OCGA § 51-7-80 (2).

[7] OCGA § 51-7-85.

[8] Id.

[9] OCGA § 51-7-84 (a).

5

[i]t shall be a complete defense to any claim for abusive litigation that the person against whom a claim of abusive litigation is asserted has voluntarily withdrawn, abandoned, discontinued, or dismissed the civil proceeding, claim, defense, motion, appeal, civil process, or other position which the injured person claims constitutes abusive litigation within 30 days after the mailing of the notice required . . . or prior to a ruling by the court . . . whichever shall first occur[.][10]

When tasked with interpreting a statute,

we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature. . . . In our search for the meaning of a particular statutory provision, we look not only to the words of that provision, but we consider its legal context as well. After all, context is a primary determinant of meaning. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.[11]

---

[10] OCGA § 51-7-82 (a)

[11] *Moffitt v. State*, 359 Ga. App. 261, 263 (857 SE2d 264) (2021) (citations and punctuation omitted).

6

In a case with similar factual circumstances — where a party covertly surveilled another engaging in sexual relations — we held that the plaintiff's claims asserting invasion of privacy did "not fall within the abusive litigation paradigm."[12] However, we relied on the fact that the surveillance occurred "well before any legal action commenced," and thus "the activities underlying the claims [stood] apart from — and [did] not depend upon — the litigation" between the parties.[13] Here, however, we are faced with a situation where the surveillance occurred during litigation and where the purpose of the surveillance was to gain an advantage in the lawsuit.

When we have held that the complained-of conduct was encompassed by the "initiation, continuation, or procurement of civil proceedings"[14] such that the abusive litigation statute applied, the conduct has always directly corresponded to a judicial filing or process. For example, we have held that the abusive litigation statute applied against conduct in filing and litigating an adoption proceeding,[15] in filing a lis

---

[12] *Rogers v. Dupree*, 349 Ga. App. 777, 783 (1) (b) (824 SE2d 823) (2019).

[13] Id.

[14] OCGA § 51-7-81.

[15] See *Stapler v. Boling*, 347 Ga. App. 79, 83 (2) (815 SE2d 602) (2018) (physical precedent only).

7

pendens and delivering a copy of the notice to an interested third party,[16] and in making alleged false statements filed with a dispossessory action and during a deposition.[17] And in the surveillance case, cited supra, we held that the claims relating to the disclosure of the sexual relationship through the filing of a complaint fell within the abusive litigation statute.[18]

Here, by contrast, the surveillance on Rimert and Jennifer Valade did not involve a court filing or a judicial process, such as discovery. As such, this conduct did not involve the "initiation, continuation, or procurement of civil proceedings[.]"[19] We distinguish between the surveillance and the subsequent letter to Jennifer Valade's counsel and motion filed with the divorce court which disclosed the sexual relationship. The letter and motion constituted a "[c]laim"[20] asserted in connection

---

[16] See *Meadow Springs Recovery, LLC v. Wofford*, 319 Ga. App. 79, 83 (1) (734 SE2d 100) (2012).

[17] See *Slone v. Myers*, 288 Ga. App. 8, 10-11 (2) (653 SE2d 323) (2007).

[18] See *Rogers*, 349 Ga. App. at 781-782 (1) (a).

[19] OCGA § 51-7-81.

[20] See OCGA § 51-7-80 (2) ("'Claim' includes any allegation or contention of fact or law asserted in support of or in opposition to any civil proceeding, defense, motion, or appeal.").

8

with the continuation of a civil proceeding.[21] The surveillance of Rimert and Jennifer Valade did not fall within the abusive litigation statute's definition of claim, as the act of surveilling another is not an allegation or contention of fact or law.[22] Nor did the surveillance, standing alone, result in the continuation of civil proceedings.

This interpretation also comports with the other provisions of the abusive litigation statute. Under OCGA § 51-7-82 (a), it is a complete defense to withdraw the claim, position, or lawsuit in response to an abusive litigation claim. That remedy does not make sense with respect to the invasion of privacy claim alleged here, or other torts that parties in litigation could commit against one another that are unconnected to a judicial process. "For example, a tort claim founded on a violent assault [is not] subject to the abusive litigation statute, even if the assault were committed to intimidate a witness."[23]

In summary, Jennifer Valade's claims premised on the surveillance do not fall within the ambit of the abusive litigation statute. Any claims stemming from the

---

[21] See *Rogers*, 349 Ga. App. at 781-782 (1) (a).

[22] See OCGA § 51-7-80 (2).

[23] *Rogers*, 349 Ga. App. at 792 (McFadden, P. J., concurring in part and dissenting in part).

9

subsequent disclosure of the sexual relationship in filings made with the divorce court, however, are preempted by the abusive litigation statute. Accordingly, we reverse the trial court's conclusion that the abusive litigation statute completely barred Jennifer Valade's invasion of privacy claim.

2. Jennifer Valade argues that the trial court erred in granting summary judgment to the Attorneys on her negligent training and supervision claims. She contends that it was foreseeable that Doak would cause the type of harm alleged in this case, as her supervisor instructed and approved of the plan to place a hidden camera in the bedroom.

"An employer may be held liable for negligent supervision only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff."[24] As we held in Rimert's prior appeal on this claim, the record was devoid of evidence that Doak was unsuited for representation or that she had a propensity to commit the type of harm alleged in this

---

[24] *Rimert*, 361 Ga. App. at 592 (1) (punctuation and footnote omitted).

case.[25] Accordingly, the trial court did not err in granting summary judgment on the negligent training and supervision claims.

*Judgment affirmed in part and reversed in part. Brown, J., concurs. Doyle, P. J., concurs in part and dissents in part.*

---

[25] See id.; see also *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 866 (2) (596 SE2d 604) (2004); *Leo v. Waffle House*, 298 Ga. App. 838, 841 (2) (681 SE2d 258) (2009).

A22A0330. VALADE v. MERIWETHER & THARP, LLC et al.

DOYLE, Presiding Judge, dissenting in part and concurring in part.

I dissent to Division 1 because I believe that Jennifer Valade's invasion of privacy claims are barred by the exclusive remedy provision of the abusive litigation statute,[1] and therefore, I would affirm the trial court's grant of summary judgment as to those claims against Kenneth Valade's attorneys. I fully concur in Division 2.

1. Our abusive litigation statute provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation" if that person acts "[w]ith malice" and "[w]ithout substantial justification."[2] This statutory framework is the exclusive

---

[1] OCGA § 51-7-80 et seq. This argument was not raised by the defendants in the related case involving Crystal Rimert, which was reviewed by this Court in *Rimert v. Meriwether & Tharp, LLC*, 361 Ga. App. 589 (865 SE2d 199) (2021).

[2] OCGA § 51-7-81.

remedy for abusive litigation,[3] and because Valade's invasion of privacy claims stem from the "continuation" of civil proceedings between her and her ex-husband, in which proceedings he was represented by the defendants, the claims are precluded.[4]

This Court explained

> that the abusive litigation statutes strike a balance between the competing public interests of preserving free access to the court and preventing serious abuses of lawsuit filing. This balance is intended to prevent the proliferation of unnecessary causes of action for the alleged improper filing of lawsuits [that] would have a chilling effect on the exercise by citizens of their right of access to the courts.[5]

The issue of adultery frequently is an issue in divorce proceedings.[6] While not every attorney would have counseled a client to record a soon-to-be-ex spouse in a

---

[3] OCGA § 51-7-85.

[4] Cf. *Dennis v. Adcock*, 138 Ga. App. 425, 429-430 (4) (226 SE2d 292) (1976) (applying pre-statutory law to hold that defense attorney's act of getting health care records without the consent of the plaintiff-patient was not an invasion of privacy and instead a rebranded libel claim that was prohibited because the evidence and its use by the defendant attorneys was privileged as "pertinent evidence introduced in a judicial proceeding and relating to its subject matter").

[5] *Meadow Springs Recovery v. Wofford*, 319 Ga. App. 79, 82 (1) (734 SE2d 100) (2012), quoting *Phillips v. McDonald*, 219 Ga. App. 152, 155-156 (2) (g) (464 SE2d 390) (1995). See also *Rogers v. Dupree*, 349 Ga. App. 777, 788 (824 SE2d 823) (2019) (*Barnes, J. concurring in part and dissenting in part*).

[6] See, e.g., *Kluge v. Renn*, 226 Ga. App. 898 (487 SE2d 391) (1997).

private bedroom with another adult in order to support the allegations of adultery, the vehicle for Valade to obtain redress against the attorneys for any damage she suffered as a result of that act was an action for abusive litigation or nothing at all.[7] "All of the misconduct alleged to have been committed by [Kenneth Valade's] attorneys occurred in the course of their representation" of him, and Jennifer Valade "may not avoid the requirements of the statute merely by characterizing [her] claims arising from the allegedly abusive lawsuit as some other cause of action."[8] Accordingly, I would affirm the trial court's grant of summary judgment as to the defendants with regard to this issue.

2. I concur fully with the majority with Division 2.

---

[7] See id. See also *Dennis*, 138 Ga. App. at 429-430 (4).

[8] (Punctuation omitted.) *Rogers*, 349 Ga. App. at 788 (*Barnes J.*), quoting *Slone v. Myers*, 288 Ga. App. 8, 11 (2) (653 SE2d 323) (2007), overruled in part on other grounds, *Reeves v. Upson Regional Med. Center*, 315 Ga. App. 582 (726 SE2d 544) (2012). While I disagree with the majority in *Rogers*, i.e., that a video made prior to the filing of any claims but in anticipation of litigation falls outside of the preemptive effect of the abusive litigation statute, that issue is not before us because in this case, the divorce proceeding was filed before the video was taken. Compare *Rogers*, 349 Ga. App. 777, 782-783 (1) (b).