**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 30, 2025**

# In the Court of Appeals of Georgia

A25A0906. JAMES HUGH POTTS, II v. LOUIS LEVENSON et al.

BROWN, Chief Judge.

Attorney James Hugh Potts, II appeals the trial court's dismissal of his action against his former client, William G. Crowdis, and attorney Louis Levenson, who represents Crowdis in a legal malpractice action against Potts.[1] Crowdis and Levenson (collectively "Defendants") moved to dismiss Potts' action, which is premised upon Levenson's filing of a writ of fiera facias ("FiFa") and judgment against Potts following a jury verdict in Crowdis' favor in the legal malpractice action. Because Potts has not established error, we affirm.

---

[1] The legal malpractice action remains pending. Potts currently has an appeal pending in this Court in that case, in which he is challenging an order holding him in contempt for failure to pay attorney fees to Levenson. See Case No. A26A0492.

"On appeal from a grant of a motion to dismiss, we review a trial court's decision de novo." *Southern States Chemical v. Tampa Tank & Welding*, 316 Ga. 701, 706 (1) (888 SE2d 553) (2023). "[W]e construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." (Citation and punctuation omitted.) *Emory Univ. v. Metro Atlanta Task Force for the Homeless*, 320 Ga. App. 442, 443 (740 SE2d 219) (2013). So viewed, the record reflects that the trial court entered a default judgment against Potts as to liability and causation as a discovery abuse sanction in Clowdis' legal malpractice action against him.[2] The case proceeded to trial and in March 2020, a jury awarded Clowdis $2,728,600 in general damages, $2,350,000 for loss of income, $485,000 in attorney fees, and punitive damages in the amount of $235,000, and Potts appealed to this Court. See *Potts v. Clowdis*, 360 Ga. App. 581 (859 SE2d 875) (2021). We affirmed the trial court's entry of default judgment against Potts, see id. at 584 (1), but reversed the verdict on the ground that it may have included damages for claims that had been dismissed. See id. at 585-587 (2). The legal malpractice claim awaits retrial. At issue in this case is the writ of FiFa obtained by Levenson on April 10, 2020, in the principal amount of the

---

[2] Potts sought immediate appellate review of the default judgment, which this Court dismissed for lack of jurisdiction. See Case No. A18A1020 (Feb. 12, 2018).

jury verdict, $5,563,600, plus interest of $2,350,000. Levenson obtained the writ after the trial court granted his motion for a supersedeas bond, and Potts refused to post the bond.

On August 9, 2021, several weeks after this Court's opinion issued,[3] Potts' counsel mailed and emailed a letter to Clowdis, through Levenson, requesting that he cancel the FiFa recorded on the court's general execution docket by August 13, 2021. Levenson cancelled the FiFa on August 11, 2021, and the superior court entered it as satisfied on its docket on August 13, 2021. Almost three years later, Potts initiated the instant action in state court alleging that Levenson and Clowdis filed the "non-final" judgment entered in the legal malpractice action and refused to remove it after the verdict upon which it was based was reversed, which Potts asserted constituted slander of title, abusive litigation, and intentional infliction of emotional distress. Potts also filed a motion to order Defendants to remove the vacated judgment filed against his property, asserting that it was an unjustified cloud on his title. The state court transferred the case to superior court, and Levenson and Clowdis filed verified answers to Potts' complaint, moved to dismiss the complaint for failure to state a

---

[3] This Court's opinion issued on June 28, 2021. See *Potts*, 360 Ga. App. at 581.

3

claim, and opposed Potts' motion to remove the vacated judgment. Potts responded to the motion to dismiss, arguing, among other things, that the motion was moot because the complaint was superseded by the filing of his amended complaint.

Potts filed first, second, and third amended complaints.[4] Levenson and Clowdis moved to dismiss the third amended complaint. Potts opposed their motions then filed a fourth amended complaint, which is the complaint at issue in this appeal.

Potts' fourth amended complaint alleged that on or about March 17, 2020, Defendants filed and recorded a "non-final" "Amended and Restated Judgment" in the superior court deed book reflecting the $5.798 million judgment and a $7.9 Million writ of FiFa "without legal basis or justification," and refused to remove the judgment

---

[4] The first amended complaint alleged that Levenson filed several writs of FiFa related to attorney fee awards Potts was ordered to pay during the litigation, as well as the Fifa related to the jury award, and sought damages for slander of title, abusive litigation, and intentional infliction of emotional distress. The second amended complaint included the same allegations as the first amended complaint but added several causes of action, including wrongful levy, tortious interference with property, trespass, fraudulent misrepresentation and concealment, filing false affidavits, negligence, conversion, violation of Fair Businesses Practices Act, malicious prosecution, negligence per se, and reckless conduct. The third amended complaint was substantially similar to the second amended complaint.

and writ after the judgment was reversed on appeal.[5] Potts asserted several causes of action, including slander of title, wrongful levy, tortious interference with property, trespass, fraudulent misrepresentations and concealment, filing false affidavits, two claims of intentional infliction of emotional distress, negligence, negligence per se, and reckless conduct. He also sought attorney fees and punitive damages.

Levenson and Clowdis both answered the fourth amended complaint and separately moved to dismiss the complaint for failure to state a claim, arguing that all of the claims should be dismissed because they constituted frivolous abusive litigation claims, that Potts could not prevail on abusive litigation claims arising from the prior judgment, and that certain of his causes of action failed to state a claim or were barred by the statute of limitations. Potts opposed the motions to dismiss, and Defendants filed a joint reply brief in support of their motions.

In two separate but similar orders, the trial court granted Defendants' motions to dismiss. The trial court concluded that Potts' entire complaint constitutes a claim for abusive litigation and must be dismissed as premature since Clowdis' case against Potts remains pending, that Potts failed to properly allege his claims for fraudulent

---

[5] The fourth amended complaint did not include the allegations regarding the writs of FiFa on the attorney fees awarded to Levenson.

misrepresentation and concealment and filing false affidavits, that the filing of the FiFa and judgment were protected by privilege, that Potts failed to allege special damages to support his claim for slander of title, that his intentional infliction of distress claim was untimely filed, and that he had no claim for reckless conduct. Potts filed the instant appeal, challenging each of the trial court's findings.

1. Potts argues that his claims do not invoke the abusive litigation statute because post-judgment actions, such as filing a FiFa and judgment, are not governed by the statute. We disagree.

OCGA § 51-7-80 et seq. provides Georgia's statutory scheme for abusive litigation. OCGA § 51-7-81 provides that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial justification." OCGA § 51-7-80 defines several terms used in OCGA § 51-7-81 as follows:

> (1) "Civil proceeding" includes any action, suit, proceeding, counterclaim, cross-claim, third-party claim, or other claim at law or in equity.

(2) "Claim" includes any allegation or contention of fact or law asserted in support of or in opposition to any civil proceeding, defense, motion, or appeal. . . .

(5) "Malice" means acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based. . . .

(7) "Without substantial justification," when used with reference to *any civil proceeding, claim, defense, motion, appeal, or other position*, means that such civil proceeding, claim, defense, motion, appeal, or other position is: (A) Frivolous; (B) Groundless in fact or in law; or (C) Vexatious.

(Emphasis added.) OCGA § 51-7-85 provides that OCGA § 51-7-80 et seq. "is the exclusive remedy for abusive litigation," and "no claim other than as provided in this article or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation."

In order to determine if the abusive litigation scheme applies, "we look to the substance and not the style of a particular claim to determine whether it amounts to a claim for abusive litigation." (Citation and punctuation omitted.) *Rogers v. Dupree*,

349 Ga. App. 777, 782 (1) (a) (824 SE2d 823) (2019). Consequently, [p]laintiffs "may not avoid the requirements of the statute merely by characterizing their claims arising from the allegedly abusive lawsuit as some other cause of action." (Citation and punctuation omitted.) *Slone v. Myer*s, 288 Ga. App. 8, 11 (2) (653 SE2d 323) (2007), overruled in part on other grounds, *Reeves v. Upson Regional Med. Center*, 315 Ga. App. 582 (726 SE2d 544) (2012). A review of Potts' complaint shows that the factual premise of each of his claims, perhaps with the exception of the claim for filing false affidavits, which we address in Division 2, infra, is the filing of the FiFa and judgment in the legal malpractice action that is still pending. Specifically, Potts alleged that the filing of the documents and refusal to remove them "constitute false and malicious statements" about him that were published to third parties, slandering his title; that the filing supported his action for wrongful levy; that the filings tortiously interfered with his property and amounted to trespass; that these false statements constituted fraudulent misrepresentation and concealment ; and that the filing of the documents constituted intentional infliction of emotional distress, negligence, negligence per se, and reckless conduct. Despite how the claims are characterized, however, they arise

8

from the allegedly abusive actions taken in the legal malpractice lawsuit and are therefore abusive litigation claims. See *Slone,* 288 Ga. App. at 11 (2).

In *Slone*, supra, evicted plaintiffs filed an action against a property management company and others, alleging that they were "the victims of a conspiracy to bolster the fortunes of a property management company that unjustly enriches itself by illegally dispossessing tenants."(Punctuation omitted.) Id. at 9. Plaintiffs asserted claims of civil conspiracy, forgery, and theft by deception, all arising from the original dispossessory action against them. Id. The trial court found that plaintiff's claims were abusive litigation claims and they had not complied with the notice requirement to bring such claims. See id. We agreed with the trial court, concluding that plaintiffs's claims were "the essence of an abusive litigation claim" because the actions complained of occurred during the prior litigation. Id. at 11 (2).

Potts argues that *Slone* does not apply because it did not involve a post-judgment collection "nor does it invoke the abusive litigation statute," which is a direct misstatement of the law as *Slone* unequivocally addresses the statute. Potts submits summarily that actions taken post-judgment are not governed by the statute, but he cites no law that supports his position nor does he otherwise convincingly argue

that the filing of the FiFa and judgment fall outside of the abusive litigation scheme. Simply because the filings occurred after the jury verdict does not mean they are not a part of the continuation of the civil proceeding. See *Kendrick v. Funderburk*, 230 Ga. App. 860, 863-864 (3) (498 SE2d 147) (1998) (collection lawsuit for attorney's fees after case resolved was governed by the abusive litigation statute); *Beavers v. Beavers*, 148 Ga. 506, 507 (97 SE 65) (1918) (an attachment for contempt for failure to pay alimony, although filed post-judgment, is in the nature of a civil proceeding because it compels obedience to a court order).

In *Meadow Springs Recovery v. Wofford*, 319 Ga. App. 79 (734 SE2d 100) (2012), which involved a failed real estate venture that resulted in protracted litigation during which a lis pendens was filed, one of the parties filed a separate action against the law firm that filed the lis pendens, alleging slander of title, tortious interference with business and contractual relationships, and bad faith. See id. at 80-81. There, too, we affirmed the trial court's conclusion that the claim was preempted by the exclusivity provision of the abusive litigation statute because it sought damages solely for the conduct of counsel in pursuing litigation in their clients' interest. See id. at 83-84 (1). Here, Levenson filed the FiFa to protect Clowdis' interest after Potts refused to pay

10

a supersedeas bond, cancelled it upon Potts' request, and filed a valid judgment, which Potts has offered no evidence that he contested prior to filing this action three years later.

In *Stapler v. Boiling*, 347 Ga. App. 79 (815 SE2d 602) (2018) (physical precedent only), the plaintiff filed a claim for professional negligence against her former attorney and for civil conspiracy against the law firm that represented the attorney in an adoption proceeding. The child the attorney unsuccessfully sought to adopt was the child of the plaintiff, whom the attorney had represented in several legal matters, including a custody proceeding regarding said child. See id. at 79-80. The law firm moved to dismiss the action on the ground that it was barred by the abusive litigation statutes, and the trial court denied the motion. See id. We reversed, finding that it was "apparent from a review of the complaint that the claims against [the law firm] are based on [its] actions taken during the course of representing the [attorney] in the adoption proceeding[,]" and "were the essence of an abusive litigation claim." (Citation and punctuation omitted.) Id. at 83 (2). See also *Nairon v. Land*, 242 Ga. App. 259, 261 (2) (529 SE2d 390) (2000) (plaintiff precluded from filing claims of infliction of emotional distress as remedy for abusive litigation); *Jones v. Bienert*, 197

11

Ga. App. 554 (398 SE2d 830) (1990) (plaintiff's abusive litigation claim and alleged independent claims of intentional infliction of emotional distress, harassment, and tortious interference with property rights properly dismissed as all were related to the filing of a previous action against plaintiff).

In accordance with the cases cited above, we are compelled to conclude that Potts' claims are the essence of abusive litigation. Because the claims are abusive litigation claims, OCGA § 51-7-84 (a) required as a condition precedent that Potts give written notice to Levenson and Clowdis by registered or certified mail or statutory overnight delivery or some other means that evidenced receipt of the notice. Potts did not give the requisite notice. Additionally, the legal malpractice case that led to the verdict is still pending, as the case has yet to be retried, and an abusive litigation claim "requires the final termination of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination. OCGA § 51-7-84 (b)." (Punctuation omitted.) *Nairon*, 242 Ga. App. at 260 (1). Accordingly, the trial did not err when it dismissed Potts' claims for slander of title, wrongful levy, tortious interference with property, trespass, fraudulent

misrepresentations and concealment, two claims of intentional infliction of emotional distress, negligence, negligence per se, and reckless conduct.

2. Potts' remaining claim, alleging the filing of false affidavits in violation of OCGA § 51-6-2, also fails, but for a different reason. Potts' claim sounds in fraud, as it rests on OCGA § 51-6-2 (a), which provides:

> Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action. Mere concealment of a material fact, unless done in such a manner as to deceive and mislead, will not support an action.

In his complaint, Potts summarily states the elements of fraud as the basis for his claim,[6] but fraud must be plead with particularity. See OCGA § 9-11-9 (b). Potts failed

---

[6] Potts alleged:

> Defendants willfully concealed from and misrepresented to Plaintiff and others material facts in such a manner as to deceive and mislead. Defendants willfully concealed and misrepresented material facts to Plaintiff and others in such a manner as to deceive and mislead and for the purpose of inducing Plaintiff and Plaintiff's agents to act. Defendants made said knowingly false misrepresentations to Plaintiff, Plaintiff's agents and others with the intention to induce Plaintiff and others to act or refrain from acting. Plaintiff and others justifiably relied on Defendants' false affidavits to his detriment. As a proximate result of

to plead with particularity, as he does not identify any affidavits as the source of his claim.[7]

> The well-established test that must be satisfied before a motion to dismiss can be granted is a demanding one: A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In reviewing such a motion, any doubts regarding the complaint must be construed in favor of the plaintiff.

(Citation and punctuation omitted.) *Wise Bus. Forms v. Forsyth County*, 317 Ga. 636, 644 (2) (893 SE2d 32) (2023). If the alleged false affidavits are the FiFa and the judgment, they cannot serve as the basis for the claim as they were not false. Construing doubt in Potts' favor, as we are required to do on a motion to dismiss, and

Defendants filing false filings in violation of OCGA § 51-6-2 affidavits [sic] in violation of OCGA § 51-6-2 (a), and Plaintiff has been damaged as a result.

[7] In the previous versions of his complaint, which were superseded, Potts referenced affidavits of garnishment related to sanctions entered in the legal malpractice action that he did not include in his fourth amended complaint.

14

assuming that the allegedly false affidavits were different documents, Potts was required to identify the affidavits as a part of his pleading. Accordingly, the trial court correctly dismissed this claim as well since Potts did not plead his claim with particularity.

3. In light of the above, we need not reach Potts' remaining enumerations of error. See *Meadows*, 319 Ga. App. at 84 (3) (because claims were in substance abusive litigation claims that must be dismissed, additional arguments not addressed).

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*