**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 7, 2026**

# In the Court of Appeals of Georgia

A25A1903. CHENG v. THE GLORIA WALKER REVOCABLE LIVING TRUST.

MCFADDEN, Presiding Judge.

We granted attorney David Cheng[1] discretionary appellate review of an award of attorney fees against him under OCGA § 9-15-14(a) and (b). The trial court found that, on behalf of his former clients, Patricia and Ronnie Richmond, Cheng had sought to foreclose against certain real property on the basis of a promissory note to which the Richmonds no longer had any claim.

As detailed below, we find that the evidence supported the trial court's award of fees under OCGA § 9-15-14(a), so we do not reach Cheng's claims of error specifically addressing the requirements of OCGA § 9-15-14(b). We also find that

---

[1] The order on appeal misidentifies David Cheng as "Michael Cheng."

Cheng has not shown reversible error based on statements that the trial court made in his order regarding the collectibility of the award and the liberal application of OCGA § 9-15-14. So we affirm the trial court's decision to award fees against Cheng under OCGA § 9-15-14(a).

We agree with Cheng, however, that the trial court erred by imposing a lump sum award. So we vacate the amount of the award and remand for the trial court to enter a new award consistent with this opinion.

1. *Facts and procedural history*

Cheng filed the underlying action in Cobb County Superior Court in 2017 against Charles and Tonya Lowe, who are not parties to this appeal, and Gloria Walker, whose successor-in-interest is the appellee in this appeal. After Gloria Walker passed away, The Gloria Walker Revocable Living Trust, through its trustee Murray Blakemore Walker, was substituted as a party in the underlying proceedings. For convenience, we will refer to the appellee as "Walker."

In the action, Cheng's former clients, Patricia and Ronnie Richmond, sought to foreclose against real property in Cobb County based on a promissory note and deed to secure debt that the Lowes had executed in the Richmonds' favor. The Richmonds

also sought a declaration that probate court proceedings in Tennessee did not give Walker an interest in the property. Both of these claims rested on the Richmonds' allegation that they had a right to the property because the Lowes were in default on the promissory note that the property secured.

But when Cheng filed the underlying action on the Richmonds' behalf, the Richmonds no longer had an interest in the promissory note. At some earlier point they had assigned that promissory note to Alfonso Patton. The Richmonds stipulated to that fact in Tennessee probate court proceedings concerning Patton,[2] who died in 2013, and the Tennessee probate court documented that stipulation in an April 4, 2013 order.

Patton left his estate to Walker, and on May 2, 2014, the Tennessee probate court entered an order holding that the Lowes' payments under the promissory note were an asset of Patton's estate that should be made to the estate's temporary administrator. The Tennessee probate court also stated in the May 2, 2014 order that

---

[2] The Tennessee proceedings are described in detail in *Walker v. Richmond*, 362 Ga. App. 803, 804-08 (870 SE2d 229) (2022), and *In re Conservatorship of Patton*, M2012-01078-COA-R3-CV, slip op. at 5-7 (Tenn. App. Sept. 26, 2014) (2014 Tenn. App. LEXIS 604).

"the mortgage note and Georgia security agreement are properly in the possession of the Temporary Administrator as an asset of the Estate."

The trial court granted summary judgment to Walker in the underlying action, concluding that, given the assignment, the Richmonds had "absolutely no claim to ownership of the debt, promissory note, or the subject house."

Walker then sought attorney fees against both the Richmonds and Cheng under OCGA § 9-15-14. At the hearing on that motion, Cheng testified that he was aware that the Tennessee probate court proceedings might involve the property in this case and that the Richmonds had given him a flash drive containing documents from those proceedings. He testified that he was aware of the May 2014 Tennessee probate court order stating that the promissory note and deed to secure debt were in the possession of the temporary administrator of Patton's estate. Indeed, he discussed that order in the complaint he filed for the Richmonds. But he testified that he believed the May 2014 order referred to an invalid, judicially imposed transfer rather than a voluntary assignment by the Richmonds. He also testified that he was not aware of the April 2013 order documenting the Richmonds' stipulation that they had assigned the promissory note to Patton. He had not reviewed all of the documents on the flash

4

drive the Richmonds had given him and he did not know whether or not the April 2013 order was one of those documents.

Following the hearing, the trial court granted Walker's motion and awarded her attorney fees against both the Richmonds and Cheng under OCGA § 9-15-14(a) and (b). The trial court found that the Richmonds had voluntarily assigned the promissory note to Patton; that as a result of that assignment the Richmonds had no claim to the debt, the promissory note, or the property securing it; and that their action against Walker was based on their wrongful claim to the promissory note and the Cobb County property. For these reasons, the trial court found the action to be frivolous and concluded that there was "a complete absence of any justiciable issue of law or fact" with respect to it, supporting an award under OCGA § 9-15-14(a), and that the action lacked substantial justification, supporting an award under OCGA § 9-15-14(b).

The trial court further found that "Cheng either did [know], or should have known, that this suit was frivolous." In support of this finding, the trial court held that "even a slight review of the orders entered in the Tennessee cases show that [the underlying] case lack any merit whatsoever[,]" that "[a]ny cursory review of the Tennessee Court's Orders would have shown that this case had no merit[,]" and that

5

"[t]here is no conceivable way that [Cheng] could have believed [the Richmonds] had a right to make the claims in this case. The underlying facts from the Tennessee Court were clear from the orders from those Courts, and any reasonable review of same would have revealed those facts." The trial court further held that Cheng "gave credibility to [the Richmonds'] frivolous claims, and unnecessarily expanded the proceedings, delaying the inevitable dismissal of [his] client[s'] claims against Walker."

2. *The evidence supports an award under OCGA § 9-15-14(a)*

OCGA § 9-15-14(a) permits a trial court to award attorney fees in a civil action "to any party against whom a party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Such an award "shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just[,]" OCGA § 9-15-14(a), and is "mandatory . . . upon a finding of the absence of any justiciable issue of law or fact." *Haney v. Camp*, 320 Ga. App. 111, 114(2) (739 SE2d 399) (2013). We review an award

under OCGA § 9-15-14(a) to see if there is any evidence supporting the trial court's decision. *McNair v. McNair*, 343 Ga. App. 41, 42(1) (805 SE2d 655) (2017).

Cheng argues that the evidence does not support the award of attorney fees against him because there is no evidence that he knew or should have known of the promissory note's assignment when he filed the action on behalf of the Richmonds. Even if the evidence does not support the trial court's finding that Cheng knew of the assignment, given his testimony to the contrary, but see generally *Hughes v. State*, 296 Ga. 744, 747(1) (770 SE2d 636) (2015) (holding that a trier of fact is not obligated to accept uncontradicted testimony), there is evidence to support the trial court's finding that Cheng should have known about the assignment. As described above, Cheng testified that he was aware of the Tennessee litigation and that he had access to a flash drive containing documents related to that litigation. The Tennessee probate court's April 4, 2013 order, issued as part of the Tennessee ligitation, expressly stated that the promissory note had been assigned to Patton and that the parties (which included the Richmonds) had stipulated to that fact. From this evidence, the trial court could infer that Cheng understood the possible relevance of the Tennessee probate court proceedings to the claims he brought on behalf of the Richmonds; that he had access

7

to the April 2013 Tennessee probate court order; and that, had he reviewed the order, he would have learned about the Richmonds' voluntary assignment of the promissory note to Patton before filing the 2017 action on the Richmonds' behalf.

"If any evidence supports the trial court's award of attorney fees under OCGA § 9-15-14(a), we are compelled to affirm." *Slone v. Myers*, 288 Ga. App. 8, 14(5) (653 SE2d 323) (2007), overruled in part on other grounds by *Reeves v. Upson Regional Med. Ctr.*, 315 Ga. App. 582 (726 SE2d 544) (2012). Because there is evidence supporting the trial court's finding that Cheng should have known of the assignment, and because the assignment divested the Richmonds of their interest in the property, thereby rendering meritless the claims Cheng brought on their behalf, Cheng has not shown that the trial court erred in awarding attorney fees against him under OCGA § 9-15-14(a). See *Durrance v. Schad*, 345 Ga. App. 826, 830 (2) (a) (815 SE2d 164) (2018) (holding that a trial court must award attorney fees under OCGA § 9-15-14(a) if "no evidence shows any factual merit in a party's claim" (citation and punctuation omitted)).

3. *We need not reach the claims pertaining to OCGA § 9-15-14(b)*

"Because the trial court's award of fees is affirmed under OCGA § 9-15-14 (a), we need not address whether the trial court abused its discretion by finding that [fees were appropriate] under OCGA § 9-15-14(b)." *Shiv Aban, Inc. v. Dep't of Transp.*, 336 Ga. App. 804, 818(2)(c) (784 SE2d 134) (2016). Accord *Slone*, 288 Ga. App. at 14(5). For this reason, we do not address Cheng's claims of error that are specific to the award under OCGA § 9-15-14(b), namely his claims that there was no evidence to support the trial court's findings that he unnecessarily expanded the proceedings or lent credibility to the Richmonds' claims. .

4. *The trial court's consideration of the collectibility of the award was not reversible error*

In discussing the award of attorney fees against Cheng, the trial court stated in his order that "any award of fees against the Richmonds will most likely be uncollectible, as Walker already has a $1 million dollar judgment against them [in Tennessee]." Cheng enumerates this as error, arguing that OCGA § 9-15-14 does not expressly authorize a trial court to consider the parties' relative financial positions in awarding fees.

9

We are not persuaded. As discussed above, the evidence authorized an award against Cheng under OCGA § 9-15-14(a). That Code section permits the assessment of the award "against the party . . . , or against that party's attorney, or against both *in such manner as is just.*" Id. (emphasis supplied). It "makes plain" that a trial court may assess fees against a party's attorney "so long as that assessment [is] just." *Hill v. Burnett*, 349 Ga. App. 260, 266(2) (825 SE2d 617) (2019), disapproved in part on other grounds by *S. Piedmont Law v. Pierre*, 362 Ga. App. 474, 476 n. 2 (869 SE2d 90) (2022).

OCGA § 9-15-14(a) does not list any particular factors that a trial court may or may not consider in determining whether an assessment of fees under that Code section is just. So we must presume that the General Assembly meant not to limit the trial court in that determination. See generally *Deal v. Coleman*, 294 Ga. 170, 172(1)(a) (751 SE2d 337) (2013) ("When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." (citation and punctuation omitted)). Moreover, one of the purposes of OCGA § 9-15-14 is to recompense litigants. See *Long v. City of Helen*, 301 Ga. 120, 121 (799 SE2d 741) (2017). For these reasons, we conclude that Cheng has not shown that the trial

court committed reversible error by mentioning the issue of collectibility in the fee award order.

5. *The trial court's statement that OCGA § 9-15-14 should be liberally applied was not reversible error*

Cheng argues that the trial court erred in a statement of law in his order, namely that a "trial court should employ OCGA § 9-15-14 liberally as an enforcement to discourage litigation abuse." Pretermitting whether this is a correct statement of the law, Cheng has not shown reversible error. As explained above, an award of fees under OCGA § 9-15-14(a) is mandatory, and the trial court made specific factual findings that were supported by evidence and that authorized the award of attorney fees against Cheng under that Code section.

6. *The lump sum award was improper*

Cheng argues that the trial court erred by awarding Walker a lump sum of $50,500 in attorney fees. We agree.

"In cases involving OCGA § 9-15-14(a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Lump sum or unapportioned attorney fee awards are not permitted in Georgia." *Razavi v. Merchant*,

11

330 Ga. App. 407, 410(1)(c) (765 SE2d 479) (2014) (citation and punctuation omitted).

In his order, the trial court stated the following with regard to the amount of fees awarded:

> Walker was forced to incur significant fees and expenses in responding to Plaintiff[s'] frivolous action. The total fees and expenses incurred to date in this matter, through January 18, 2024, that Walker seeks under this motion total $90,817.01. This amount includes litigation costs to litigate this case in Superior Court but does not include approximately $20-30,000 for an appeal that it was forced to pursue because of this frivolous case. Walker is not seeking those fees as the law provides that they are not recoverable under 9-15-14.

> All legal services and fees, costs, and expenses for those services incurred by counsel for Walker in this case have been reasonable, necessary, and customary. Those fees, costs, and expenses are the kind reasonably and customarily charged, and Walker is entitled to recover all attorneys' fees, costs, and expenses under OCGA § 9-15-14.

> . . .

> After review of the itemized billing statements of attorney for movant to ascertain reasonableness, the Court finds an award of $50,500.00 is appropriate and justified.

(Citations omitted.)

This order did not, on its face, show "the complex decision making process necessarily involved in reaching a particular dollar figure and . . . articulate why the court awarded one amount of fees rather than another under OCGA § 9-15-14." *Modi v. India-Am. Cultral Ass'n*, 370 Ga. App. 458, 466(3)(e) (897 SE2d 86) (2024) (citation and punctuation omitted). So "we must vacate the trial court's award of attorney fees and remand the case for appropriate factfinding with respect to the amount of attorney fees to be assessed and entry of an order consistent with this opinion." Id. at 467(3)(e).

*Judgment affirmed in part and vacated in part, and case remanded with direction. Hodges and Pipkin, JJ., concur.*